LENA F. SCHMOLL, ADMINISTRATRIX OF THE ESTATE OF EUGENE K. SCHMOLL, DECEASED, RESPONDENT, v. WEISBROD & HESS BREWING COMPANY, A CORPORATION, APPELLANT.

Submitted December 2, 1915—Decided May 24, 1916.

Decedent was employed by appellant as a route foreman, and on Saturdays delivered beer and collected moneys therefor. On a Saturday night, while delivering beer in a locality known to the police as one where drunkenness, assaults and murders occurred with frequency, he was shot and subsequently died from his wound. There was no proof that the employer had knowledge of the bad character of the locality where decedent was working, nor was there any proof of the identity or motive of his assailant. *Held*, that the employer was not chargeable with the risk decedent assumed by reason of some peculiar and extraordinary situation, unless it appears that he was aware of such added risk; and *Held, further*, that although if there had been testimony showing that the object of the attack was robbery of the employe, the employer would have been liable, the risk of robbery of a person known to carry considerable sums of money being a risk incident to the employment, yet in the absence of proof of motive for the attack, robbery will not be presumed to have been the motive thereof, as the motive may have been revenge or fancied wrong, or the shooting accidental.

---

On *certiorari*.

Before Justices PARKER, MINTURN and KALISCH.

For the appellant, *Edward L. Katzenbach*.

For the respondent, *Ulysses G. Styron*.

The opinion of the court was delivered by

KALISCH, J. The single question presented for review is whether on the undisputed testimony of the case the Court of Common Pleas was warranted in finding that the death of the respondent's decedent was the result of an accident arising out of the decedent's employment.

The deceased was a route foreman in the employ of the respondent. His duties were to look after the various beer delivery routes and see that they were properly conducted, and on Saturdays he had a beer delivery where he delivered beer and collected the moneys therefor.

On the 19th day of December, 1914, on a Saturday night, at about eight o'clock, the deceased made a delivery of beer at some dwelling-house in Atlantic City, leaving his wagon in the street, a little distance away, and while returning to his wagon he was assaulted and shot by some person unknown.

The deceased mounted his wagon and returned to the brewery and accounted to his employer for the moneys entrusted to and collected by him and then went to a hospital where he, ten days later, died from the effects of the gun shot wound.

The respondent filed her petition for compensation under the Workmen's Compensation act, and the trial judge found, in addition to the above-recited facts, that the territory in which the deceased was called upon to deliver beer and make collections was known to the police department as one where drunkenness, assaults with intent to kill and murders occurred with greater frequency than in any other part of Atlantic City, and where persons who commit robbery resort. And this led the learned trial judge to conclude as follows:

"It may be inferred that one engaged in a business similar to that pursued by Schmoll, and whose duty called him to such a neighborhood, might expect an assault, not necessarily fatal, as a reasonable incident to his employment—an extraordinary risk which was indirectly connected with his employment owing to its special nature.

"I find, therefore, that Schmoll's death was the result of an accident arising out of and in the course of his employment."

Whether the death of the deceased was the result of an accident arising out of his employment was a mixed question of law and fact. Therefore, before the trial judge could properly find that the accident to the deceased arose out of his employment, it was essential that there should have been some fact or circumstance established to support such finding. *Bryant, Administratrix,* v. *Fissell,* 84 *N. J. L.* 72. This leads to the inquiry whether there was any fact or circumstance which reasonably permitted the inference to be drawn that the accident to the deceased arose out of his employment.

The trial judge obviously acted upon the theory that because the deceased was a collector for a brewery, and since the duties of his employment required him to go into a neighborhood where lawless acts were frequently committed and lawless characters congregated, that therefore the deceased was exposed to a risk of being attacked by lawless persons for the purpose of robbery which was a risk directly, or, at least, indirectly, connected with his employment.

We do not think that the character of the place where the attack was made upon the deceased under the testimony of this case is of any particular significance, since it does not appear that the employer had any notice or knowledge of the danger of the locality. The proof in the case went no farther than to tend to establish that the police department had such knowledge.

That being the case, the employer ought not be chargeable with any risk which the place where the work was to be performed entailed by reason of some peculiar and extraordinary situation existing there, unless it was made to further appear that he was aware of such added risk. The accident must not only arise in the course of the employment but also out of the employment. The accident must reasonably be directly or indirectly connected with the employment. The legal principle which must govern the facts of the present case is the same as was applied in those cases where it was held, that if an employer had no knowledge of a practice existing among his employes which added a risk to the employment which otherwise did not exist and would not have arisen,

except under special circumstances, it would be plainly unreasonable to hold that the employer was bound to anticipate an accident happening from such unknown risk. But where the employer knows of such practice resulting in additional risk and does not forbid it and an accident happens, the accident will be deemed as arising out of the employment. *Terlecki* v. *Strauss*, 85 *N. J. L.* 454; affirmed by Court of Errors and Appeals, 86 *Id.* 708; *Hully* v. *Moosbrugger*, 88 *Id.* 161.

If it had appeared by the testimony in this case that the attack that was made upon the deceased had for its object robbery, then it would have been clearly immaterial whether such attack was made in a lawless or a law abiding district. For then the case would fall within the principle laid down in *Nisbet* v. *Rayne and Burn* (1910), 2 *K. B.* 689, cited with approval in *Bryant* v. *Fissell, supra,* where it was held that the death of the cashier who was robbed and murdered in a railway carriage while carrying money to pay the wages of his employers' workmen, was caused by accident arising "out of" and in the course of his employment, on the ground that the risk of being robbed and murdered is a risk incidental to the employment of those who are known to carry considerable sums in cash on regular days by the same route to the same place.

In the present case the testimony utterly fails to show any motive for the attack upon the deceased. The assailant of the deceased was unknown. His motive in making the attack was also unknown. No robbery or attempt at robbery was shown.

The person who shot the deceased might have shot him out of revenge for some fancied wrong or by mistake or by accident. There was no proven fact or circumstance before the court below that connected the shooting either directly or indirectly with the employment of the deceased, either as driver or collector.

The judgment must be reversed.