STEPHEN NEVICH, RESPONDENT, v. DELAWARE, LACKA-
WANNA AND WESTERN RAILROAD COMPANY, APPEL-
LANT.

Submitted December 11, 1916—Decided March 5, 1917.

1. The petitioner for compensation under our Workmen's Compen-
   sation act, was using a barrel as one of the implements of his
   service; two strangers carried it away a short distance and peti-
   tioner was directed by his immediate superior, one of the ser-
   vants of his employer, to recover it, and when petitioner ap-
   proached the strangers they threw the barrel down and assaulted
   him and he was severely injured. *Held,* that the accident arose
   out of and in the course of his employment.
2. In a case under the Workmen's Compensation act, where the
   facts are disputed, a finding in favor of either party will not
   be disturbed, if there be evidence to support it, for a reviewing
   court will not weigh the evidence, the decision of the trial judge
   being, under the statute, conclusive if there be any evidence to
   support it.

On appeal from the Supreme Court.

For the respondent, *William Perlis.*

For the appellant, *Frederic B. Scott.*

The opinion of the court was delivered by

BERGEN, J. The petitioner filed his petition with the Court
of Common Pleas of the county of Hudson, praying that de-
fendant compensate him for injuries as required by the
Workmen's Compensation act. The court found that he was
employed by the defendant, and that the accident which
caused the injuries arose out of and in the course of such
employment, and that the petitioner was entitled to compen-
sation based upon a total and permanent disability, and
awarded compensation according to such finding. The de-
fendant removed this judgment by· *certiorari* to the Supreme
Court for review, and assigned as reasons for reversal that
the accident did not arise in the course and out of the em-
ployment, and also that the injuries did not result in a per-
manent total disability.

The Supreme Court affirmed so much of the judgment of the Common Pleas as adjudged that the accident arose in the course and out of the employment of the petitioner, and reversed the "findings as to the extent of petitioner-respondent's injuries." From this judgment both parties have appealed, the defendant from the affirmance of liability, and the petitioner from the reversal relating to the extent of his injuries. The testimony upon which the liability of the defendant was based by the Common Pleas, and the affirmance by the Supreme Court, is substantially as follows: The work to which the petitioner was assigned by the defendant was the filling of a barrel with water, and the carrying of the water in pails to other servants of defendant to be used in mixing cement, and, while temporarily away from it, two strangers upset the barrel, carried it for a short distance, and at this point the superior, or boss, of petitioner directed him to get the barrel and bring it back. This he undertook to do, and when he approached the men they threw down the barrel and assaulted him, inflicting the injuries for which he asks compensation. As there was testimony tending to show that the superior of the petitioner directed him to get the barrel while it was in the hands of the persons carrying it away, there can be no doubt that the accident happened in the course of his employment and also that it arose out of his employment, for he was reclaiming his employer's property, by his direction, from persons who were attempting to remove, without color of right, a part of the tools used by him in the performance of his service, and being directed by the defendant to reclaim the barrel, with knowledge of the existing conditions, one being a possibility that the recovery of the property might be resisted, we are of opinion that the accident arose out of the employment, as well as in the course of it, and that the judgment of the Supreme Court on this branch of the case should be affirmed.

In reversing in part the judgment of the Common Pleas, the Supreme Court said that there was no evidence to support the finding of total permanent disability. If there was such evidence, then the judgment of reversal was erroneous,

for in cases of this class the Supreme Court is not authorized to determine the preponderance or weight of testimony, for the statute declares that the decision of the judgment of the Court of Common Pleas "as to all questions of fact shall be conclusive and binding." *Pamph. L.* 1911, *p.* 134, § 18; *vide Sexton* v. *Newark District Telegraph Co.,* 84 *N. J. L.* 85; *Hulley* v. *Moosbrugger,* 88 *Id.* 161. We are of opinion that there is evidence in this record which supports the finding of the Court of Common Pleas. Doctor King, called by the petitioner as a medical expert, testified that he had made a thorough examination of the petitioner; that he is suffering from a nervous disease called corhea, commonly known as St. Vitus's dance, which seldom afflicts people of his age, and from which an adult rarely recovers; that it may be produced by a blow on the head, such as petitioner testified was given him when he was injured; that the blow and consequent condition would indicate a grave lesion of the motor area of the brain, and that at the time of the trial petitioner was entirely incapacitated to perform any work—"total disability from any manual labor." In addition to this, the petitioner testified that he was struck on the head with a piece of iron and fell unconscious; this was in September, 1914, and the hearing on the petition was in October, 1915, during which period he had been unable to work and was in the same condition as when he left the hospital, where he remained seven weeks following the accident, and that when he first became conscious he was trembling as when he appeared as a witness, but not quite so much. "I am worse now."

His wife testified that before the accident he was in good health, had no shaking and convulsions such as he was now suffering, and that he had grown worse since he left the hospital.

We are of opinion that this testimony justifies the inference drawn by the Court of Common Pleas that the injuries produced a total permanent disability within the meaning of the statute. The result which we reach is that on the appeal of the defendant, the judgment of the Supreme Court

that the accident arose out of and in the course of the petitioner's employment should be affirmed, and that so much of the judgment from which the petitioner appeals should be reversed, and the judgment of the Court of Common Pleas of the county of Hudson affirmed.

On appeal of Delaware, Lackawanna and Western Railroad Company—

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, BERGEN, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, GARDNER, JJ. 11.

*For reversal*—None.

On appeal of Stephen Nevich—

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, BERGEN, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, GARDNER, JJ. 11.