MOUNTAIN ICE COMPANY, APPELLANT, v. JENNIE McNEIL, GUARDIAN OF ALBERT McNEIL, A MINOR, ET AL., RESPONDENTS.

Submitted December 10, 1917—Decided March 4, 1918.

1. Because the sky-larking of boys employed in a plant came under the observation of the president and superintendent of the employing company, those officers were thereby charged with contemplating no more than that the same thing might occur again, that is, sky-larking or horse-play—not that one boy might thereafter commit an atrocious assault upon the other.

2. The Workmen's Compensation act does not provide an insurance for a workman against every happening to him while engaged in his employment, but only against accidents arising out of and in the course of that employment; and accidents caused by a fellow workman doing a wrongful act entirely outside the scope of his employment, is not an accident so arising, unless it appears that what happened was a risk reasonably within the contemplation of the employer.

On appeal from the Supreme Court.

For the appellant, *M. Casewell Heine.*

For Jennie McNeil, guardian, &c., of respondent, *James H. Bolitho.*

The opinion of the court was delivered by

WALKER, CHANCELLOR. Albert McNeil, nineteen years old, was employed by the Mountain Ice Company, as was also Edward Toomey, fifteen years old. On January 28th, 1914, Toomey struck McNeil a blow on the head with an ice pick and injured him. On the day of this occurrence the boys had been working together in the ice-house, and Toomey several times tried to pull from under McNeil a box upon which he sat while engaged in his work. McNeil repeatedly told him to stop. Finally they had a scuffle, during which the president and the foreman of the ice company came in and saw what was going on and ordered both boys back to work, and they complied. McNeil appears not to have been

the aggressor in this sky-larking, but that is immaterial. Afterwards, and while McNeil was engaged at his work, Toomey struck him a blow on the side of his head with an ice pick, fracturing his skull and rendering him unconscious.

Jennie McNeil, as guardian for Albert, petitioned the judge of the Morris Common Pleas for compensation for the injury to the boy, under the Workmen's Compensation act (*Pamph. L.* 1911, *p.* 134), and proceedings were thereupon had in that court which resulted in the judge finding that McNeil sustained personal injuries by an accident arising out of and in the course of his employment by the Mountain Ice Company, and awarding compensation, costs and counsel fee under the statute. From this judgment the ice company appealed to the Supreme Court, where the judgment was affirmed. The ice company has now brought the case before this court on appeal from the Supreme Court.

The Supreme Court in its opinion correctly states the facts and rightly says that the single question presented for review relates to a finding by the Court of Common Pleas that the accident to the employe arose out of his employment. It is conceded that it arose in the course of his employment.

The appellant here relies upon our case of *Hulley* v. *Moosebrugger,* 88 *N. J. L.* 161, and that is the only case cited by the Supreme Court in its opinion, in which it says it is to be distinguished from the case at bar. In this we think the Supreme Court has erred.

In *Hulley* v. *Moosebrugger* we held that an employer is not charged with the duty to see that none of his employes assaults any other one of them, either willfully or sportively. The Supreme Court in seeking to distinguish *Hulley* v. *Moosebrugger* from the case at bar observed that in the latter it appeared that the master had knowledge of what was transpiring between the two youths and ordered them back to work, and that, therefore, it cannot be fairly said that what did happen was not a risk reasonably within the contemplation of the master and incident to the employment under the then existing circumstances.

We think that because of the sky-larking which came under
the observation of the president and superintendent of the
ice company's plant, namely, sky-larking between those boys,
charged the president and superintendent with contemplating
no more than that the same thing might occur again, that is,
sky-larking or horse-play—not that one boy might thereafter
commit an atrocious assault upon the other.

This case is entirely unlike the *McNichol's Case, 215 Mass.*
497, cited in *Hulley* v. *Moosebrugger* (at *p.* 163), for there
it was held that injuries resulting in the death of an employe
while doing work, from blows or kicks given him by a fellow
workman in an intoxicated frenzy and passion, such fellow
workman being known by the superintendent to have the
habit of drinking to intoxication, and when in that condi-
tion to be quarrelsome, dangerous and unsafe to work with,
was knowingly permitted to work on the day of the injury
while in such condition of intoxication, and it was held that
the injury thus received arose out of and in the course of the
workman's employment; while here the only propensity
which was discovered to the officers of the company by the
conduct of the boys was that one or both were likely to en-
gage in sky-larking or horse-play, a thing which most, if not
all, boys do, without any resulting criminal assault, and with-
out any contemplation of such result by anyone—adult or
infant.

The case before us is much more like that of *Armitage* v.
*L. & Y. Railway Co.* (1902); *L. R., 2 K. B.* 178, also cited
in Hulley *v.* Moosebrugger (at *p.* 165), in which a boy six-
teen years of age was pushed into a pit by another boy, where
they were at work, for a "lark," and, becoming angry, picked
up a bit of iron and threw it at the boy who had pushed him
in, but hit another boy in the eye, injuring him, for which
he was not allowed to recover damages. Collins, M. R.,
observed that this was a wrongful act entirely outside of the
scope of the employment and that the statute did not provide
an insurance for a workman against every happening to him
while engaged in his employment, but only against accidents

arising out of and in the course of that employment, and that an accident caused by a fellow workman doing a wrongful act entirely outside the scope of his employment, was not such an accident so arising.

*Walther* v. *American Paper Co.*, 89 *N. J. L.* 732, shows that an atrocious assault (there resulting in death) upon a workman is not considered as arising out of his employment, when the employe is struck down in circumstances in no way relating to the employment.

In our opinion the case at bar is not distinguishable from that of *Hulley* v. *Moosebrugger*, and, therefore, the judgment of the Supreme Court must be reversed, to the end that the award of compensation in the Common Pleas Court may be vacated and set aside.

*For affirmance*—None.

*For reversal*—The Chancellor, Chief Justice, Garrison, Trenchard, Parker, Bergen, Black, White, Heppenheimer, Williams, Taylor, Gardner, JJ. 12.