MARY EMERICK ET AL., RESPONDENTS, v. SLAVONIAN ROMAN GREEK CATHOLIC UNION, PROSECUTOR.

Argued June 3, 1919—Decided November 5, 1919.

1. Where an accident is the result of a risk reasonably incident to the employment, it is an accident arising *out of* the employment.

2. A risk is incidental to the employment when it belongs to or is connected with what an employe has to do in fulfilling his contract of service. It may be either an ordinary risk directly connected with the employment, or an extraordinary risk which is only indirectly connected with the employment, owing to the special nature of the employment.

3. Where decedent while at work for his employer as a bartender selling intoxicating liquors in his employer's saloon, was shot and killed by a patron because of and during a dispute regarding the price of drinks which decedent sold to such patron, the trial judge was justified in concluding that decedent's death arose *out of* his employment.

On *certiorari*, &c.

Before Justices TRENCHARD, BERGEN and KALISCH.

For the prosecutor, *Wood McKee* and *Francis Scott*.

For the respondents, *Thomas J. Kennedy*.

The opinion of the court was delivered by

TRENCHARD, J. John Emerick was employed by the Slavonian Roman Greek Catholic Union as bartender in their saloon in Passaic. Whilst there engaged in selling intoxicating liquors he was shot and killed by a patron of the saloon.

Emerick's widow was awarded compensation by the Court of Common Pleas under section 2 of our Workmen's Compensation act (*Pamph. L.* 1911, *p.* 134), and the employer sued out this writ of *certiorari*.

We are of the opinion that the judgment was right.

The Common Pleas judge found that the death was "by accident arising out of and in the course of his employment."

Counsel for the prosecutor concede that here "the only question to be settled is whether it arose *out of* the employment."

Where an accident is the result of a risk reasonably incident to the employment, it is an accident arising *out of* the employment. *Bryant v. Fissell,* 84 *N. J. L.* 72; *Hulley v. Moosbrugger,* 88 *Id.* 162.

A risk is incidental to the employment when it belongs to or is connected with what an employe has to do in fulfilling his contract of service. *Bryant v. Fissell, supra; Scott v. Payne,* 85 *N. J. L.* 446. It may be either an ordinary risk directly connected with the employment or an extraordinary risk which is only indirectly connected with the employment, owing to the special nature of the employment. *Bryant v. Fissell, supra.*

Now, the trial judge found that the "petitioner's husband was shot through the heart by a bullet discharged from a revolver by one of three Italians, who had entered respondent's place of business on said day and with whom petitioner's husband, while performing his work of selling beers, wines, whiskeys, &c., for the respondent, had a dispute regarding the price of certain drinks which he had sold them; that said shot was fired at petitioner's husband because of and during the dispute regarding said price of drinks."

That finding of fact is not challenged. And we think where, as here, decedent, while at work for his employer as a bartender selling intoxicating liquors in his employer's saloon, was shot and killed by a patron because of and during a dispute regarding the price of drinks which decedent sold to such patron, the trial judge was justified in concluding that decedent's death arose *out of* his employment. It was, of course, decedent's duty to collect the price of drinks sold. An assault as the result of an attempt to make such collection was a risk reasonably incident to the performance of the work, and if not an ordinary risk directly connected with the employment, certainly it was an extraordinary risk indirectly connected with the employment, owing to the special nature of the employment. The case is in principle much like *Foley* v. *Home Rubber Co.*, 89 *N. J. L.* 474; *affirmed*, 91 *Id.* 323.

The judgment will be affirmed, with costs.