# NEW JERSEY MISCELLANEOUS REPORTS. 799

N. J. Dept. Labor—Cassler v. Y. W. C. A., Camden.

NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

ELIZABETH CASSLER, PETITIONER, v. YOUNG WOMEN'S CHRISTIAN ASSOCIATION OF CAMDEN, NEW JERSEY, RESPONDENT.

**Petitioner, a Matron of a Y. W. C. A., Employed Twenty-four Hours a Day, Having Closed the House, Retired—Some Time Afterward She was Found Severely Injured and Unconscious —She was Unable to Account for Injury—Accident Clearly Arose During Course of Employment, but No Evidence That it Arose Out of the Employment.**

On petition for compensation.

For the petitioner, *William T. Boyle.*

For the respondent, *Thomas J. Marshall.*

\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*

A petition was filed and served in the above-entitled cause, praying for compensation for injuries sustained by Elizabeth Cassler, the petitioner, because of an accident on December 21st, 1924, while in the course of her employment with the respondent, Young Women's Christian Association of Camden, New Jersey.

An answer was filed by the respondent, and the case was set down for hearing, which hearing took place on January 7th, 1926. The matter came on for hearing before Charles E. Corbin, deputy commissioner of the workmen's compensation bureau, at Fifth and Taylor avenues, Camden, New Jersey, in the presence of William T. Boyle, Esq., attorney for the petitioner, and Thomas J. Marshall, Esq., attorney for the respondent.

It appears from the stipulation and testimony in this case that, on December 21st, 1924, petitioner, Elizabeth Cassler, was employed as matron or housekeeper by the respondent,

Young Women's Christian Association of Camden, New Jersey. Her duties appear to have been such that she had general care of the entire house, which was a rooming-house. On the evening of the date in question the last thing she remembers is that she closed up the house about midnight and went to her room and to bed. She remembers nothing further.

About two A. M. one of the boarders was called to her room and found her on the floor saturated in blood from a very severe wound on the head. She was taken to the hospital in an unconscious and very critical condition and there was found to be suffering with a very extensive laceration of the scalp and fracture of the skull. There is absolutely no evidence how petitioner received the injury.

From the evidence it is proper to find that at the time she was in the course of her employment, because her work was of such a nature that she was in charge of the house twenty-four hours in the day, and while sleeping in the house she was acting in the course of her employment; but there is absolutely no evidence that she suffered an accident arising out of her employment. Under the Compensation law the burden is upon petitioner to prove that she suffered an accident arising out of and in the course of her employment. She has utterly failed to prove that the injury arose out of the employment, and there is no evidence sufficient to reach a conjecture. The leading case in point is *Schmoll* v. *Weisbrod & Hess Brewing Co.,* 97 *Atl. Rep.* 723.

For the above reasons I must dismiss the petition and find judgment in favor of the respondent.

It is, therefore, on this 9th day of June, 1926, ordered that judgment be entered in favor of the respondent and against the petitioner, and that the prayer of the petitioner be denied and the petition dismissed.

CHARLES E. CORBIN,
*Deputy Commissioner.*