ROSE BARRESE, ADMINISTRATOR OF FRANCESCO BARRESE, DECEASED, PETITIONER-RESPONDENT, v. STANDARD SILK DYEING COMPANY, RESPONDENT-APPELLANT.

Submitted February 17, 1933—Decided April 28, 1933.

For the appellant, *Edwin Joseph O'Brien*.

For the respondent, *Benjamin L. Stein*.

The opinion of the court was delivered by

CAMPBELL, CHANCELLOR. This is an appeal from a judgment of the Supreme Court affirming an award of the compensation bureau and the judgment under review might well be affirmed upon the opinion of the Supreme Court, and, in fact, upon the meritorious questions properly before us, is so affirmed.

Appellant argues, at considerable length and with much energy, that the Supreme Court was wrong as to the facts of the case because in its opinion it states that "Oakley swung around Chirico 'in a swivel chair.' There is no such testimony in the case. The testimony is that Chirico was seated on the desk and that Oakley spun him around off the desk." So the facts appear to be and to that extent the statement of facts by the Supreme Court is incorrect but that in nowise changes or makes the result reached incorrect.

The second and remaining ground urged by the appellant which we are reluctantly moved to answer is that both the Supreme Court and the compensation bureau erred in finding the wages of respondent-petitioner's decedent to be $35 per week. The argument of appellant is that there is nothing in the proofs to support a finding in this amount. As a matter of fact an examination of the proofs discloses this as being so and in all probability a reversal of the judgment under review would be called for if this question had been properly and sufficiently raised in the Supreme Court. That court found it was not and in such finding we concur.

Appellant urges that its ninth reason in the court below which is as follows: "The judgment of the workmen's compensation bureau and New Jersey department of labor is contrary to law," properly raised this question because under section 11 of the *Certiorari* act the power to determine dis-

puted questions of fact is in the Supreme Court since the workmen's compensation bureau is a special statutory tribunal, and therefore if the finding of fact is against the proofs in the case the finding is contrary to law. In view of our continuously repeated findings respecting such a reason as urged the argument is specious and ill-founded.

The judgment under review is affirmed, for the reasons expressed in the opinion of the Supreme Court and here.

*For affirmance*—THE CHANCELLOR, PARKER, BODINE, DONGES, HEHER, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ. 10.

*For reversal*—None.