IRENE G. KING, PETITIONER-RESPONDENT, v. CAMDEN PAVING COMPANY, RESPONDENT-PROSECUTOR.

Submitted May 12, 1933—Decided September 15, 1933.

Before Justices CASE, BODINE and DONGES.

For the prosecutor, *Starr, Summerill & Lloyd.*

For the respondent, *Rudolph S. Ayres.*

PER CURIAM.

This writ of *certiorari* brings up for review a judgment of the Camden Common Pleas affirming an award of compensation in the workmen's compensation bureau to the respondent.

It appears that respondent's deceased husband, William King, was superintendent for prosecutor in the work of road

construction. On August 12th, 1929, he was engaged in work in connection with a road near Palmyra, New Jersey. One John Pratt was engaged by prosecutor on a contract basis to remove certain tree stumps. He presented a bill for $35 which decedent approved for payment on said date. Subsequently, however, in the course of a telephone conversation with prosecutor's bookkeeper, King told her the work had not been properly completed and she should make payment of only $20 on account. Pratt appeared at the office and asked for payment. The bookkeeper offered him $20 and explained the circumstances. Pratt refused the $20 and demanded payment in full. When this was refused, he said, "I will get mine" and walked from the office. He sought King at the place of work and shot and killed him.

The only question here presented is whether or not there was an accident arising out of the employment.

Appellant relies upon *Hully* v. *Moosbrugger,* 88 *N. J. L.* 161; 95 *Atl. Rep.* 1007, where an employe was injured in the course of skylarknig with fellow-workmen; *Mountain Ice Co.* v. *McNeil,* 91 *N. J. L.* 528; 103 *Atl. Rep.* 184, where one employe assaulted another; *Schmoll* v. *Weisbrod, &c., Co.,* 89 *N. J. L.* 150; 97 *Atl. Rep.* 723, where an employe was assaulted apparently without reason while delivering beer; and other cases of like import.

However, there is a clear distinction in the instant case, because here the dispute which resulted in King's death arose out of the performance by him of one of the duties imposed upon him by his employment. Approval of Pratt's work and payment therefor was part of his job. An accident incidental to the performance of this work arose out of the employment. A case bearing more resemblance to the situation here presented than those relied upon by the appellant is that of *Emerich* v. *Slavonian Roman Greek Catholic Union,* 93 *N. J. L.* 282; 108 *Atl. Rep.* 223, where the employe was a bartender and was killed by a patron in an argument arising over the collection of money for drinks sold. In *Nevich* v. *Delaware, Lackawanna and Western Railroad Co.,* 90 *N. J. L.* 228; 100 *Atl. Rep.* 234, where an employe was assaulted by strang-

ers in attempting to recover a water barrel which they had removed from its usual place, it was held that there was an accident arising out of the employment.

Complaint is made that such an accident as occurred was not one which might have been contemplated by a reasonable person, when entering the employment, as incidental to it. We believe, however, as was said by Mr. Justice Trenchard in *Emerich* v. *Slavonian Roman Greek Catholic Union, supra,* that it was "a risk reasonably incident to the performance of the work, and if not an ordinary risk directly connected with the employment, certainly it was an extraordinary risk indirectly connected with the employment, owing to the special nature of the employment." As stated above, the controlling feature is the fact that the accident arose directly out of the performance by decedent of one of the things for which he was employed. *Barrese* v. *Standard Silk Dyeing Co.,* 10 *N. J. Mis. R.* 1290; *affirmed,* 110 *N. J. L.* 565; 166 *Atl. Rep.* 179.

The judgment is affirmed and the writ dismissed, with costs.