HAROLD E. PATTERSON, PETITIONER-APPELLEE, RESPONDENT IN CERTIORARI, v. S. S. THOMPSON, INCORPORATED, RESPONDENT-APPELLANT, PROSECUTOR IN CERTIORARI.

Submitted October 13, 1933—Decided December 15, 1933.

Before Justices CASE, BODINE and DONGES.

For the prosecutor, *Meehan Brothers (John J. Meehan)*.

For the respondent, *Patterson, Rhome & Morgan*.

PER CURIAM.

The prosecutor seeks to bring before the court an award in a compensation case. The petitioner was assaulted and injured by a number of men in Jersey City. He was a chauffeur operating one of defendant's trucks. The truck was business, and had stopped for fueling. Liability exists only for an accident arising out of and in the course of the being driven from Red Bank to Long Island upon defendant's employment.

The question for the bureau was whether the injuries were due to an accident arising out of and in the course of the employment. The accident must be reasonably connected with

the employment. If the employer had been struck by an automobile while engaged in his master's business the liability would have been clear. But since he was willfully struck by a group of men congregated in the neighborhood, the employer apparently would not be chargeable, unless the injury was due to some peculiar and extraordinary situation then existing of which he should have had knowledge. *Schmoll* v. *Weisbrod & Hess Brewing Co.,* 89 *N. J. L.* 150; 97 *Atl. Rep.* 723; *Foley* v. *Home Rubber Co.,* 89 *N. J. L.* 474; 99 *Atl. Rep.* 624; *affirmed,* 91 *N. J. L.* 328; 102 *Atl. Rep.* 1053.

The proofs indicate that in the vicinity of the assault many fights had for a long time occurred between union and non-union men. The police had been organized into a riot squad.

The appellant, an employer of non-union labor, had previously experienced great difficulty in protecting its men and had long employed guards for that purpose. It had done considerable work in the vicinity of the troubled area and must have been aware of the unwholesome labor conditions prevalent. The bureau found that the assault might reasonably have been anticipated by the employer, and that instructions to take a route less exposed to danger could have been given. *Foley* v. *Home Rubber Co., supra.*

"Where the assault is of such a character as is incidental to the employment—that is such as is likely to happen because of the very nature of the work performed—it has been held to arise out of and in the course of the employment. *Nevich* v. *Delaware, Lackawanna and Western Railroad Co.,* 90 *N. J. L.* 228; 100 *Atl. Rep.* 234; *Emerick* v. *Slavonian Roman Greek Catholic Union,* 93 *N. J. L.* 282; 108 *Atl. Rep.* 223. In the Nevich case two strangers had carried away a short distance a barrel of the employer who directed the employe to recover it, and when he endeavored to do so, they assaulted and injured him. In the Emerick case the employe was a bartender who was shot by customers during a dispute as to the price of liquors sold to them." *Lange* v. *Eureka Printing Works,* 108 *N. J. L.* 223, 226; 157 *Atl. Rep.* 253.

We think that under the proofs in this case the assault was of such a character as to be incidental to the employment.

The writ will be denied.