New Jersey Department of Labor,
Workmen's Compensation Bureau.

ABRAHAM GOLDER, PETITIONER, v. MARCO MANUFAC-
TURING COMPANY, INCORPORATED, RESPONDENT.

Decided February 24, 1937.

For the petitioner, *Meehan Brothers.*

For the respondent, *Cox & Walburg.*

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

The question of liability in this case was presented for
determination at trial in December of 1936 and after a con-
sideration of the fact testimony it was my opinion that the
petitioner was entitled to the benefits of the Workmen's Com-
pensation act of New Jersey. It appears that the petitioner
was an officer of the respondent company working as general
manager and cutter, on premises leased by the company at
East Newark. It further appears that the company had been
having considerable labor difficulty and in fact had moved
from New York to continue their operations as dress manu-
facturers in New Jersey. The petitioner and two others
engaged in the operations described the method by which
they continued in the business of manufacturing dresses and
it appeared that they stayed in the plant during the daytime
and shipped out the finished goods at night by private auto-
mobile. The automobile was escorted across from East New-
ark into Newark by persons at the plant until the car was
out of danger from pickets or strikers who were constantly
patroling the plant. On April 3d, 1936, in the evening

the car was escorted by the petitioner and two others from the plant who left the car at Clay street in Newark and started to return to the plant. They had gone approximately a block toward the plant when they were assaulted by persons who were connected with the strikers and pickets at the plant. The petitioner admitted that he did not report the assault as such but told a different story to the police because he was fearful of reprisals from the strikers. It appears that the petitioner was found after the assault in a dazed condition and taken to St. Michael's Hospital where he was rendered medical treatment for a considerable period of time by reason of a fracture of his left arm, a fracture of one of his fingers and a fracture of his skull. It was my opinion that the petitioner was entitled to compensation under the case of *Patterson* v. *S. S. Thompson, Inc.,* 12 *N. J. Mis. R.* 4; 169 *Atl. Rep.* 338.

On the question of disability, it appears that the petitioner sustained considerable expense, which items of expense have been adjusted between the parties on the following basis. The petitioner is to be reimbursed for medical expense sustained while under active medical treatment at St. Michael's Hospital and by Dr. Hurff. Claim was made for medical treatment by a doctor in Monticello, New York, and for treatment at a sanitorium or hotel at Monticello. The petitioner is entitled to reimbursement for payments made by him to St. Michael's Hospital in the amount of $189, to day and night nurses necessary in the opinion of Dr. Hurff at St. Michael's Hospital in the amount of $273, for glasses purchased for an eye condition and ordered by Dr. Hurff as part of treatment in the amount of $9.50, and Dr. Hurff in the amount of $15, making a total of $486.50. There is an outstanding bill for treatment by Dr. Hurff in the amount of $100 which is proper and has been authorized and to be paid by the respondent. Claims made for other items of expense not in New Jersey were approximately $150. The respondent is willing to make reimbursement to the petitioner for $75 of these items.

It appears that the petitioner's disability as a result of the accident is difficult to evaluate but it appears that Dr. Meehan has consulted all of the medical records available

and the various medical reports and is of the opinion that the permanent disability, as estimated under the New Jersey Workmen's Compensation act is in the amount of seventeen and one-half per cent. of total, with an allowance of temporary disability to February 5th, 1937.

It is, therefore, on this 24th day of February, 1937, ordered that judgment be entered in favor of the petitioner and against the respondent.

\*     \*     \*     \*     \*     \*     \*

JOHN C. WEGNER,
*Deputy Commissioner.*