JOSEPH BERMAN, PROSECUTOR-APPELLANT, v. MIKE LEVENSTEIN, DEFENDANT-RESPONDENT.

Submitted May 27, 1938—Decided September 16, 1938.

For the prosecutor-appellant, *Herman H. Moskowitz* and *Paul Rittenberg.*

For the defendant-respondent, *Frank G. Turner.*

PER CURIAM.

This is an appeal from a judgment of the Supreme Court dismissing a writ of *certiorari* allowed to review a judgment of the Passaic County Court of Common Pleas in a workmen's compensation proceeding. Both the Workmen's Compensation Bureau and the Court of Common Pleas found in favor of the respondent employer on the ground that the petitioner had not established by the preponderance of the evidence that he sustained an accident.

The argument presented in the briefs in this court deals solely with the weight of the evidence, and the contention of the prosecutor-appellant is that the proofs require a finding in his favor. However, the rule in cases of this kind is that the Court of Errors and Appeals will not weigh the evidence, and where a question of fact is presented by the proofs in the Supreme Court and determined, the judgment of that court is conclusive in this court on appeal and will not be reversed. *Helminsky* v. *Ford Motor Co.,* 111 *N. J. L.* 369; *Lebits* v. *General Cable Corp.,* 112 *Id.* 381; *Kovalchuck* v. *Simpson & Brown,* 117 *Id.* 400.

The Supreme Court in the instant case reviewed the evidence and considered the weight and sufficiency thereof. In its opinion, after stating the rule to the effect that a conclusion of fact concurred in by two independent tribunals will not be lightly disturbed, it said "our examination of the evidence leads us independently to the same conclusion as that reached by the subordinate tribunals, in particular that there was a manifest failure to prove by satisfactory evidence either that the accident occurred or that notice thereof was given in due course."

No legal error being alleged, the only thing we are called upon to do is to examine the evidence submitted in the case and determine whether or not a question of fact was raised thereby.

Our examination of the testimony leads us to the conclusion that there was a question of fact as to both phases of the finding made in the courts below. As to the happening of the accident, it was appellant's claim that a calf fell on his foot in the slaughterhouse of defendant, where appellant was employed, and that this aggravated and accelerated a pre-existing vein condition and caused gangrene to set in, necessitating amputation of his leg. Numerous persons who were present in the slaughterhouse when the accident is alleged to have occurred on September 7th, 1924, testified and denied that there had been any such occurrence as was testified to by the appellant and his witnesses. The physician to whom appellant went for treatment for his foot on September 8th, the day after the alleged accident, testified that no history of accident had been given to him, and that appellant had then said his trouble resulted from the fact that his foot had been frozen some years before. The doctor who later treated appellant and performed the operation of amputation said no history of an accident, such as claimed, had been given him by appellant. This is sufficient to point out that there was a dispute of fact in the evidence, and that there was competent evidence on both sides as to this phase of the case.

Likewise, as to the question of notice of accident, there was a question of fact which has been determined below. The defendant employer denied that appellant had given any notice of accident within the time required by the statute.

In the situation presented, under the rule applicable, the judgment of the Supreme Court under review is affirmed.

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, CASE, DONGES, HEHER, PERSKIE, PORTER, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, WALKER, JJ. 13.

*For reversal*—None.