NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

JOHN H. WINTER, PETITIONER, v. UNITED STATES GYPSUM CO. AND HARTFORD ACCIDENT AND INDEMNITY COMPANY, RESPONDENT.

Decided October 10, 1942.

For the petitioner, *Herman Blank* and *David Roskein* (by *Mortimer Wald*).

For the respondent, *Wilbur A. Stevens* (by *John E. Hughes*).

\*  \*  \*  \*  \*  \*  \*

From the testimony adduced it appears that the petitioner was in the employ of the respondent on October 3d, 1941, and had been in the employ of the respondent for several months prior thereto. He was employed as a price clerk at a wage of $110 per month. The duties of the petitioner as price checker included looking up prices from a manual and in addition thereto to check errors made by other price clerks in invoices. The petitioner also had charge of a monthly chart on which he tabulated the errors of the pricers, which chart would be turned over to the supervisor, Mr. Allen. From the testimony adduced, it appears that as a result of the petitioner's checking of the work of one William Lautz and of the tabulations of the errors made by Lautz, an animosity arose in Lautz against the petitioner. The uncontradicted testimony is that on October 3d, 1941, the petitioner was sitting at his desk which was near the desk of Lautz. It appears that Lautz reached over, took the petitioner's price manual from his desk and started to tear it. The petitioner objected and in turn took Lautz's manual. From the testimony it appears that the manuals referred to are essential to the performance of the employees' work and the testimony is uncontradicted that the petitioner took the manual from Lautz's desk so as to use it in the performance of his own duties at that time. When the petitioner took the manual from Lautz's desk, Lautz struck the petitioner in the jaw. The petitioner was taken to the Jersey City Medical Center where he was attended by Dr. Peters of Jersey City. A diagnosis of a bilateral compound fracture of the mandible was made. \* \* \* At the present time the petitioner complains of a loss of feeling on the left side of his face, difficulty in eating due to a lack of mobility, a click in his jaw, a drooling of saliva on the left side of his mouth, occasional pain in his jaw bones and an inability to play the trumpet due to the loss of sensitivity in his lips. It may be pointed out that the petitioner is a professional musician.

\*     \*     \*     \*     \*     \*     \*

On behalf of the respondent the report of Dr. Mathew C. Pearce was offered in evidence.

The law in New Jersey in reference to cases of injuries as a result of assault is, in brief, that if the assault is the result of a personal feud and bears no relationship to the employment, then the injuries are not compensable. But if, however, the assault is brought about because of the employment the injuries are compensable. The fact that the assault was a deliberate and intentional act renders it nonetheless an accident. *Foley* v. *Home Rubber Co.,* 89 *N. J. L.* 474; 99 *Atl. Rep.* 626. There the Supreme Court held "the manner in which the accident is brought about is not at all of the essence of the matter; the feature question always being: was the accident connected with the employment? If it was, then it arose out of the employment, provided it occurred in the course of the employment." And the fact that the injury was deliberately and intentionally inflicted does not remove the occurrence from the category of an accident as contemplated by the statute. *Geltman* v. *Reliable Linen and Supply Co.* (*Court of Errors and Appeals, April,* 1942), 128 *N. J. L.* 443; 25 *Atl. Rep.* (*2d*) 894.

In the case at bar it appears from the testimony that an animosity has arisen in the assailant as a result of the checking of his errors by the petitioner. The testimony indicates that the assailant had pugnacious tendencies on previous occasions, had indicated unreasonable fits of temper on other occasions and that this animosity accumulated over a period of time and resulted in the incident of the price manual, which precipitated the assault, is wholly reasonable from the testimony adduced.

There are abundant adjudications in this state wherein compensation was allowed for injuries and disability resulting from assaults committed by fellow-workers or strangers during the performance by the employee of the duties for which he was hired. In *Adolph* v. *Breen Iron Works,* 17 *N. J. Mis. R.* 101; 5 *Atl. Rep.* (*2d*) 310, affirmed, Union Common Pleas, June, 1939, application for a writ of *certiorari* denied by the Supreme Court October 11th, 1939,

compensation was allowed to a foreman employee who, as was one of his duties, discharged a subordinate employee, whereupon the latter, angered by the discharge, struck and assaulted the foreman with his fists. See, also, *Emerick* v. *Slavonian Greek Catholic Union,* 93 *N. J. L.* 282; 108 *Atl. Rep.* 223. In that case the decedent while at work for the employer as a bartender selling intoxicating liquors in his employer's saloon was shot and killed by a patron because of and during a dispute regarding the price of drinks which decedent sold to such patron, the trial judge was justified in concluding that decedent's death arose out of his employment.

In the case of *King* v. *Camden Paving Co.,* 11 *N. J. Mis. R.* 762; 168 *Atl. Rep.* 167, an employee charged with the duty of approving or disapproving bills for work performed by third parties under a contract with the employer refused to approve the bill presented and the party presenting the invoice, angered by the refusal, sought out the employee and killed him. The court held that King's death arose out of the performance by him of one of the duties imposed upon him by his employment. See, also, *Kofler* v. *Essex Chair Co., Department of Labor,* 1940; affirmed, Essex County Court of Common Pleas, 1940; *Barrese* v. *Standard Silk Dyeing Co.,* 10 *N. J. Mis. R.* 1290; 163 *Atl. Rep.* 439; *Paterson* v. *S. S. Thompson, Inc.,* 12 *N. J. Mis. R.* 4; 169 *Atl. Rep.* 338; *Golden* v. *Marco Manufacturing Co.,* 191 *Atl. Rep.* 290; *Nevich* v. *Delaware, Lackawanna and Western Railroad Co.,* 90 *N. J. L.* 228; 100 *Atl. Rep.* 234; *L. R. A.* 1917 *E.* 847.

From the testimony adduced it appears that but for the employment, conditions would not have arisen which would have resulted in the accident. A compensable accident arises out of the employment when the proofs show that (1) the employment was one of the contributing causes without which the accident would not have happened, and (2) the accident was one of the contributing causes without which the injury would not have resulted. *Furferi* v. *Pennsylvania Railroad Co.,* 117 *N. J. L.* 508, 515; 189 *Atl. Rep.* 126; *Hentz* v. *Janssen Dairy Corp.,* 122 *N. J. L.* 494; 6 *Atl. Rep.* (2d)

409; *Ciocca* v. *National Sugar Refining Company of New Jersey,* 124 *N. J. L.* 329; 12 *Atl. Rep.* (2*d*) 130.

It appears that but for the employment of both the petitioner and his assailant among which was the tabulation by the petitioner of errors made by Lautz, the animosity which did exist would not have been created and it further appears that but for the taking of the petitioner's manual by Lautz, said manual being essential to the performance of the petitioner's duties as an employee of the respondent, the accident and injury would not have occurred.

Therefore, from the testimony adduced I hereby find and determine that the petitioner sustained an accident arising out of and in the course of his employment with the respondent.

\*        \*        \*        \*        \*        \*        \*

CHARLES E. CORBIN,
*Deputy Commissioner.*