GRACE BROWN, PETITIONER, v. PHILMAC SPORTSWEAR
CO., RESPONDENT.

Decided November 26, 1945.

For the petitioner, *Robert Queen.*

For the respondent, *John W. Taylor* (*Arthur J. Blake,*
appearing).

\*       \*       \*       \*       \*       \*       \*

Petitioner alleged that on December 31st, 1942, she was
injured while working for respondent. By its answer re-
spondent denied that the petitioner suffered an injury by
accident arising out of and in the course of her employment.
At the hearing counsel stipulated that the question of whether
the petitioner sustained an accident arising out of and in the

course of her employment be first submitted, before inquiry into the nature and extent of any disability resulting therefrom. At the conclusion of petitioner's case on this point, respondent moved to dismiss the petition.

It appears from the testimony that the petitioner and her daughter were each employed by the respondent; that on the day in question an altercation arose between two other employees, Jean and Sarah, over a personal issue, terminating in a fight between the two, and causing such excitement among the one hundred odd female employees that the foreman summoned help from another department and ordered all to leave the premises. During the melee the employees were milling around and Leila stated she climbed upon a table and was "looking on." After the fight was stopped petitioner took Leila, her daughter, and Sarah, one of the participants in the fight, to the table where she had been working, obtained their hats and coats, when the big boss, Phil, came and called to the two girls, took hold of each and started to put them out, at which time the foreman ran over and took hold of Sarah, Phil retaining his hold on Leila. At this point the petitioner attempted to wrest her daughter from the grasp of Phil, whereupon she stated that he kicked her, knocking her to the floor and inflicting the injuries resulting in the disability for which compensation is sought. The act of the petitioner in attempting to wrest her daughter was described by the petitioner as "I pulled her away," by Leila as "She pulled me away," by Sarah as "Mrs. Brown ran over and grabbed Leila from Phil," and by another witness as "Mrs. Brown tried to get Leila from Phil." The affair reached such proportions that those in authority at the respondent plant summoned the police. It was described by several witnesses as "quite a big excitement" and "never seen anything like it."

Under these facts, did the petitioner meet with an accident that arose out of and in the course of her employment. It has been determined that an assault committed upon a workman while in the performance of his duties constitutes an accident within the meaning of the Workmen's Compensation Act, *N. J. S. A.* 34:15-1, *et seq. Emerick* v. *Slavonian Greek Catholic Union,* 93 *N. J. L.* 282; 108 *Atl. Rep.* 223; *Barrese*

v. *Standard Silk and Dyeing Co.*, 110 *N. J. L.* 565; 166 *Atl. Rep.* 179; *King* v. *Camden Paving Co.*, 11 *N. J. Mis. R.* 762; 168 *Atl. Rep.* 167. Likewise where the assault was intentionally committed, where it can be shown that the injured was in the performance of his work and was not the aggressor. *Geltman* v. *Reliable Linen Co.*, 128 *N. J. L.* 443; 25 *Atl. Rep.* (2d) 894; *Winter* v. *U. S. Gypsum Co.*, 20 *N. J. Mis. R.* 425; 28 *Atl. Rep.* (2d) 545; *Mayes* v. *Walter Kidde Co.*, 21 *N. J. Mis. R.* 19; 29 *Atl. Rep.* (2d) 722. On the other hand, where the assault is the result of horse-play (*Hulley* v. *Moosbrugger*, 88 *N. J. L.* 161; 95 *Atl. Rep.* 1007; *Mountain Ice Co.* v. *McNeil*, 91 *N. J. L.* 528; 103 *Atl. Rep.* 184), or where the assault was actuated by personal causes (*Yoshida* v. *Nichols*, 12 *N. J. Mis. R.* 197; 170 *Atl. Rep.* 824; *Giles* v. *W. E. Beverage Co.*, 133 *N. J. L.* 137; 43 *Atl. Rep.* (2d) 286), or where the injured employee is the aggressor (*Merkel* v. *Gillespie Co.*, 10 *N. J. Mis. R.* 1081; 162 *Atl. Rep.* 250), or where the employee provokes the assault (*Lindsay* v. *Hoffman Beverage Co.*, 19 *N. J. Mis. R.* 356; 19 *Atl. Rep.* (2d) 824), compensation is denied.

From a careful reading of the law, I think it may fairly be said that an employee owes a certain duty to his employer to use reasonable effort in the furtherance of the business of his employer, and likewise a foreman is obligated to a greater degree by reason of the very position he occupies. Nor do I believe it can be doubted that upon a person in a supervisory capacity rests the responsibility of endeavoring to ·maintain reasonably efficient performance of the business of his employer in an orderly manner by those over whom he has, supervision.

Upon a careful consideration of the facts and a review of the law, it is my conclusion that the petitioner in attempting to wrest her daughter from the grasp of the foreman, prompted though she may have been by the maternal instinct of protecting her child, was not acting either in the performance of her duties nor in the furtherance of the business of her employer. On the contrary, I believe the facts clearly indicate, and I find that her act constituted an attempted interference in the performance by the foreman of his duties, and

that she thereby became the aggressor by provoking the assault, and therefore did not suffer an accident, within the meaning of the Workmen's Compensation Act, that arose out of and in the course of her employment.

It is, therefore, * * * ordered that the petition filed herein be and the same is hereby dismissed.

R. WAYNE KRAFT,
*Deputy Commissioner.*