ROBERT L. GRANT, PETITIONER-RESPONDENT, v. GRANT CASKET COMPANY, DEFENDANT-APPELLANT.

Argued February 28, 1949—Decided April 4, 1949.

*Mr. Frederick M. Rollenhagen (Messrs. Nugent & Rollenhagen,* attorneys), argued the cause for the appellant.

*Mr. Charles William Kappes (Mr. A. Michael Lepore,* attorney), argued the cause for the petitioner-respondent.

The opinion of the court was delivered by

OLIPHANT, J. This is a workmen's compensation case.

Petitioner filed his claim petition on January 16, 1941. This was dismissed in the Bureau and judgment entered on November 7, 1941, the Deputy Commissioner finding the petitioner did not sustain the burden of proving a case of an accident arising out of the employment. On November 13, 1941, an appeal was taken to the Hudson County Pleas. Briefs were filed by both parties with the late Judge Erwin of that court, who failed to decide the appeal before his death on November 23, 1942.

The cause lay dormant until January 2, 1946, when the attorney for petitioner gave notice of a motion for a hearing of the appeal before Judge Ziegener of the Hudson County Court of Common Pleas. An order was then made by him remanding the cause to the Workmen's Compensation Bureau for the taking of additional testimony. This was done and again the Deputy Commissioner dismissed the petition on the ground that "the original judgment stands *res adjudicata.*" An appeal from this order of dismissal was then taken to the Hudson Pleas which resulted in a reversal and the cause was again remanded for the purpose of determining the amount of the award.

On *certiorari* the former Supreme Court affirmed the judgment of the Pleas.

Petitioner was secretary of the defendant company and a salesman thereof. He supervised the plant, hired and fired, settled disputes and discussed matters with the union employees and their representatives.

On October 7, 1940, he discussed with one Haanken, an employee, shop steward and vice-president of the union, the duties of the day man and the night man with a view to reducing the working force and effecting a cost saving. After this conversation petitioner went to the second floor and discussed with two other employees, one of whom was a shop steward, what had taken place between Haanken and himself. Without warning he was hit in the face by Haanken, which blow, it was claimed, caused his injuries.

We need not nor do we concern ourselves with the propriety of the remand of the cause from the Pleas to the Bureau for the taking of additional testimony. A finding of fact was made by the former Supreme Court that the accident arose out of the employment and was compensable, citing among other cases *Barrese v. Standard Silk Dyeing Co.*, 10 *N. J. Misc.* 1290 (*Sup. Ct.* 1932); affirmed, 110 *N. J. L.* 565 (*E. & A.* 1933). It held "The reasonable inferences from the testimony introduced at the 1941 hearings led unavoidably to the conclusion that the striking of the petitioner was an incident of the labor-management activities which he was engaging in under the terms of his employment. The 1946 testimony supports this conclusion."

It is clear the 1946 hearing in the Bureau was mere surplusage and did not affect the result which the former Supreme Court determined should have been reached on the original hearing. This court will not weigh the evidence in this type of case arising under the old Constitution, and where a question of fact is presented by the proofs in the court below and determined, the judgment of that court is conclusive in this court and will not be reversed. *Berman v. Levenstein*, 121 *N. J. L.* 139 (*E. & A.* 1938); *State Board of Medical Examiners v. Grossman*, 135 *N. J. L.* 468 (*E. & A.* 1947).

The determination by the former Supreme Court as to the amount of the award is also conclusive.

It is a sad commentary on judicial procedure that an action begun in 1941 is not finally determined until 1949. Either party to this litigation could have taken steps to speed and conclude the matter with much greater dispatch. Proper court control would have accomplished the same end. The new rules governing the courts together with the administrative supervision presently existing will prevent in the future such protracted litigation.

The judgment is affirmed.

*For affirmance*—Chief Justice VANDERBILT, and Justices CASE, HEHER, OLIPHANT, WACHENFELD, BURLING and ACKERSON—7.

*For reversal*—None.