TEXAS EMPLOYERS' INS. ASS'N v.
DREWS. (No. 9961.)

Court of Civil Appeals of Texas. Dallas.
June 11, 1927.

Rehearing Denied July 9, 1927.

1. Words and phrases—A "cupelo" is vessel in which iron is reduced to molten mass.

A "cupelo" is large vessel in which, by means of coke fire and a blowpipe, iron that has been dropped into the cupelo is reduced to molten mass, from which it is withdrawn.

2. Master and servant ⊂⊃417(5)—Whether cupelo tender died from molten iron burns held for jury on conflicting evidence in compensation suit (Workmen's Compensation Act).

In suit to set aside award of Industrial Accident Board denying compensation and to recover compensation under Workmen's Compensation Act (Rev. St. 1925, art. 8306 et seq.), for death of cupelo tender alleged to have resulted from molten iron burns, where evidence for insurance carrier of employer presented prima facie case of no injury and evidence for beneficiary of deceased employee presented prima facie case of injury, question was for jury.

3. Master and servant ⊂⊃418(6)—Jury finding on conflicting evidence in compensation suit is conclusive (Workmen's Compensation Act).

In suit to set aside award of Industrial Accident Board denying compensation and to recover compensation under Workmen's Compensation Act (Rev. St. 1925, art. 8306 et seq.), for death of cupelo tender, finding by jury that employee was injured and that injury was proximate cause of death, based on conflicting evidence, cannot be disturbed by Court of Civil Appeals.

---

©⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**4. Master and servant ⊚⇒405(4)—Finding that burns from molten iron caused erysipelas proximately causing workman's death held sustained by evidence (Workmen's Compensation Act).**

In suit to set aside award of Industrial Accident Board denying compensation and to recover ·compensation under Workmen's Compensation Act (Rev. St. 1925, art. 8306 et seq.) for death of cupelo tender alleged to have resulted from burns from molten iron, evidence *held* sufficient to make issue of fact as to whether burn produced erysipelas, and was sufficient to sustain finding that death proximately resulted from burns.

**5. Master and servant ⊚⇒417(5)—Admission of testimony as to injury in compensation suit, though admitted out of order, was· not reversible error, where subsequently rendered admissible (Workmen's Compensation Act).**

In suit to set aside award of Industrial Accident Board denying compensation and to recover compensation under Workmen's Compensation Act (Rev. St. 1925, art. 8306 et seq.) for death of cupelo tender alleged to have resulted from burns from molten iron, admission of testimony by visitor at plant that she saw iron splatter and was burned by sparks, though improper during presentation ·of plaintiff's case in chief, was not reversible error, where rendered admissible by subsequent proof that conditions at time of visit were same as at time of injury and by defendant's evidence that no spattering was caused.

**6. Evidence ⊚⇒537—Graduate nurse and masseur, who had attended several cases of erysipelas but had not practiced profession for five years, held qualified to give expert testimony on erysipelas.**

Witness, testifying she was graduate nurse and masseur by profession, and had nursed a number of cases of erysipelas, but had not practiced profession for. five years, *held* qualified to give expert testimony in reference to cases of erysipelas which she attended.

**7. Master and servant ⊚⇒418(5)—Admission of testimony as to erysipelas causing workman's death held harmless, where evidence was undisputed (Workmen's Compensation ·Act).**

In suit to set aside award of Industrial Accident Board denying compensation and to recover compensation under Workmen's Compensation Act (Rev. St. 1925, art. 8306 et seq.) for death of cupelo tender alleged to have died from erysipelas caused by breaking blister from burns, admission ofl testimony by nurse that friend of hers developed erysipelas from picking pimple on her nose and died therefrom *held* harmless, where undisputed evidence showed that disease develops from breaking of skin.

**8.· Master and servant ⊚⇒417(5)—Compensation claim filed with Industrial Accident Board held admissible to show compliance with Workmen's Compensation Act, not to establish injury (Rev. St. 1925, art. 8307, § 4a).**

In suit to set aside award of Industrial Accident ·board denying compensation and to recover compensation under Workmen's Compensation Act for death of employee, certified copy of claim of compensation filed with Industrial Board, stating that death was caused by molten iron .striking employee's head,' was admissible in evidence to show claimant had complied with Workmen's Compensation Act (Rev. St. 1925, art. 8306 et seq.) but not to establish fact of injury, and should be limited by court to such purpose (Rev. St. 1925, art. 8307, § 4a).

**9. Master and servant ⊚⇒417(5)—Admission of copy of compensation claim without limiting purpose held not error, in absence of request to limit.**

In absence of requested instruction to limit copy of claim for compensation filed with Industrial Accident Board to show compliance with Workmen's Compensation Act (Rev. St. 1925, art. ·8306 et seq.) and not to establish fact of injury, admission in evidence of copy of claim without limiting its purpose was not error.

**10. Master and servant ⊚⇒418(5)—Jurors' misconduct in stating knowledge did not warrant setting aside verdict allowing compensation for workman's death where fact was undisputed (Workmen's Compensation Act).**

In suit to set aside award of Industrial Accident Board denying compensation and to recover compensation under Workmen's Compensation Act (Rev. St. 1925, art. 8306 et seq.) for death of cupelo tender alleged to have died from erysipelas, misconduct of jurors in stating in presence of others before reaching verdict that they had known of persons dying of erysipelas contracted by breaking of skin *held* not ground for setting aside verdict, since undisputed medical testimony showed erysipelas always entered body by breaking of skin.

Appeal from District Court, Dallas County; Kenneth Foree, Judge.

Suit by Mrs. Olga H. Drews against the Texas Employers' Insurance Association to set aside an award of the Industrial Accident Board denying compensation for death of Gustave H. Drews, an employee of the Mosher Manufacturing Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Lawther, Pope, Leachman & Lawther, of Dallas, for appellant.

White & Yarborough, of Dallas, for appellee.

JONES, C. J. This is an appeal by Texas Employers' Insurance Association, appellant, from an adverse judgment in favor of Mrs. Olga Drews, appellee, in a district court of Dallas county, Tex., allowing appellee compensation of $13.71 per week for 360 weeks, from the 3d day of March, 1925, as the sole dependent of her husband, Gustave H. Drews, deceased, less 33⅓ per cent., which was awarded to John White for services as attorney for appellee in the litigation. The following is a sufficient statement of the case: ·

The deceased, Gustave H. Drews, had been for 31 years an employee of Mosher Manufacturing Company, in the city of Dallas, and

⊚⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

on the 3d day of March the said Drews died from the alleged result of an injury received while performing the duties of his employment. Appellant had theretofore issued to the Mosher Manufacturing Company a policy of insurance covering accidental injuries resulting in disability or death to the employees of said company. Appellee, as the wife of the deceased, under the undisputed evidence, is the only beneficiary of this policy. In due form claim for compensation was made before the Industrial Accident Board, and upon a hearing recovery on the policy was denied by said board, on the ground that the death was not the result of any injury received in the course of deceased's employment. Suit was duly and legally filed in the district court of Dallas county to set aside this award and to recover the full compensation that could be allowed appellee under the Workmen's Compensation Act (Rev. St. 1925, art. 8306 et seq.). The undisputed evidence showed that deceased died from erysipelas of the head and face. The contested issues determined under the pleadings and evidence in the trial court were: (1) Did deceased receive a burn on the top of his head on or about the 17th of February, 1925, previous to his death on the 3d of March following? (2) Was the erysipelas which caused deceased's death the proximate result of such injury?

The case was submitted to the jury on special issues, on which the findings of the jury are: (a) Gustave H. Drews, deceased, was injured while in the course of his employment; (b) such injury was the proximate cause of the death of Gustave H. Drews, deceased.

The evidence as to the weekly earnings of the deceased was undisputed, and upon this verdict the said judgment was entered. The findings of the jury are supported by evidence and are adopted as the findings of this court as well as the findings of the court on undisputed matters necessary to the rendition of the judgment.

Appellant's theory on the trial of the case in the lower court and on this appeal is that the deceased received no injury at the time and on the occasion alleged, and that his death resulted from erysipelas not resulting from any injury received by him while in the course of his employment; that the findings of the jury above quoted are unsupported by evidence and form no basis for the judgment; that the court should have given a requested peremptory instruction in its favor; that this court should hold that the evidence is insufficient to sustain the findings and reverse and render this case in its favor. If appellant be mistaken in this contention, then it urges that the case should be reversed and remanded because of numerous assigned errors on the action of the court in the admission of certain evidence over appellant's objection. Bills of exception were duly taken to the admission

of this evidence, and these contentions of appellant are duly presented to this court by proper assignments of error and propositions of law.

[1-3] Was the evidence sufficient to submit to the jury issue No. 1, requiring a finding by the jury as to whether deceased suffered an injury in the course of his employment? The witnesses do not fix with exactness the date of the alleged injury, the deceased made to his employer no report of any injury at any time, and no employee who was associated with the deceased in his work from the time it is alleged the injury occurred, until he quit work on account of his illness, a few days thereafter, testified that he noticed any injury on the head, or heard deceased complain of any injury. The two physicians who attended deceased from the 28th of February until his death did not observe the presence of any injury on his head. By this testimony, appellant made a prima facie case of no injury. Deceased's employment was termed a cupelo tender. A cupelo is a large vessel in which, by means of a coke fire and a blowpipe, iron that has been dropped into the cupelo is reduced to a molten mass, from which it is withdrawn. After all of the molten iron that can be withdrawn has been taken from the cupelo, it was the duty of deceased, by means of a long iron bar, to open what is termed the doors at the bottom of the cupelo and let the slag and other heated matter that remained in the cupelo fall out. Deceased's son testified to being in the cupelo room on the occasion of the afternoon of the day on which it is alleged the injury occurred and seeing deceased open the door and let out the "slag," and that he saw some of the molten matter fall on the clothing of deceased and on the top of his head and observed that it had burned blisters on the top of his head, deceased being very bald; that he complained at the time of being burned, of suffering pain therefrom; that the witness carried deceased home in his auto; and that at home he complained of pain from the burns. A daughter of deceased testified that she noticed that evening, upon her return from her work, the burns on deceased's head, and that he stated he was burned at the foundry. The wife of deceased also testified to these blisters on his head. Deceased continued to work for a few days; the testimony of these members of the family being that a redness soon began on top of the head, where the blisters were, and that one of them was broken and that this redness began to spread and the complaints of pain by deceased increased until he took to his bed and physicians were called. This evidence makes a prima facie case of injury directly opposed to the case made by appellant. There is thus presented a question of disputed fact, which was the province of the jury to determine. The jury having determined it favorably to appellee, this court cannot

disturb such finding. All assignments of error in respect to the finding on issue No. 1 are overruled.

[4] Is there substantial evidence to sustain the finding of the jury that deceased's death proximately resulted from this injury? The undisputed evidence is that the primary cause of his death was an infectious disease known as erysipelas. At the time Dr. Gerard, the first physician to see the deceased, examined him, this disease had not progressed sufficiently as that it was then detected by him. When Dr. Brannin saw the deceased on the following day, this disease had progressed to the extent that the patient's ailment was at once diagnosed as erysipelas. When the former physician visited the patient on Monday, he also at once pronounced the disease erysipelas. These physicians testified that erysipelas comes from an infection by a streptococcus of erysipelas germ gaining an entrance into the body through a break in the skin or mucous membrane. The only break in the skin testified to by any one was by those members of the family who testified to the blisters raised by the burn and the subsequent breaking of one of them. The undisputed evidence shows that a redness of the skin on top of the head, which undoubtedly was erysipelas in its incipient stage, began at the very place of these burns. The exact time the disease will develop, after an infection, could not be stated with certainty by the medical witnesses. At the time Dr. Gerard made his first visit, the deceased was suffering from an inflamed throat and tonsils. A cultural examination was made by taking a "smear from his throat," with the result that no evidence of erysipelas was discovered, but only pus germs described as staphlococci, which is not an erysipelas germ. The medical testimony is to the effect also that an erysipelas infection could be brought about by a broken blister on the top of the head. We think this evidence is sufficient to make an issue of fact as to the burn received being the producing cause of the erysipelas, and that the finding of the jury that death was the proximate result of the burns is sustained by substantial evidence, and all assignments of error in reference to this issue are overruled. It necessarily follows that in our opinion the court did not err in refusing the appellant's requested peremptory instruction.

[5] Is there shown reversible error in the admission of evidence over the timely objection of appellant? Miss Lucy Brochiero testified that, while she was a student in a local high school, the teacher and witness' class went through the plant of the Mosher Manufacturing Company, visited the cupelo room, and witnessed the dropping of the doors from the bottom in order that the slag might be poured out. Over the timely objection of appellant, she was permitted to testify that this hot mass "splattered," and that she and some others were burned by sparks flying on them. Her testimony was given while appellee was developing her case in chief and at the time when there was no evidence that the condition under which the doors were opened were the same as they were on the occasion under inquiry and at a time when not in rebuttal of any evidence given by appellant. At the time the evidence was offered, it was subject to the objection urged against it by appellant, but it was afterwards shown by competent testimony that the conditions were the same as on the occasion in question. Appellant introduced evidence to the effect that during a space of a number of years the withdrawing of the doors of the cupelo did not cause any "spattering" of the molten mass when it was ejected from the cupelo. The evidence was thereby rendered admissible, and its admission out of its order was not reversible error.

[6, 7] The witness Mrs. Blieber testified that she was a graduate nurse and masseur by profession, but on the occasion in question was not engaged in the practice of her profession, having married about five years previous and had ceased to nurse since said time; that during the time she was following such profession she had nursed a number of cases of erysipelas and could diagnose this disease. After she had stated that on the day preceding the death she had visited the deceased's house and assisted in applying ointment to his face, and had described his appearance, over appellant's timely objection, she was permitted to testify that "a friend of mine once picked a pimple on her nose from which erysipelas developed and she died," and that, "the redness started in the nose where she had picked it and then radiated all over her face." We believe this witness qualified to give expert testimony in reference to this particular disease, but this evidence, if objectionable, was harmless, for the reason that the undisputed evidence shows that this disease does develop from such a breaking of the skin and does progress in the manner stated.

[8, 9] Appellee introduced in evidence and read to the jury a certified copy of her claim for compensation filed with the Industrial Accident Board. Over appellant's timely objection, this clause from said claim was admitted and read:

"The cause of death was by reason of hot melted iron striking or flying from a trough, where it was being poured or run, onto his head."

This claim was admissible in evidence in order to show that appellee had complied with the Workmen's Compensation Act in prosecuting her claim. It was not admissible in evidence in order to establish the fact of the injury, and should have been limited by the court to such purpose. Article 8307, pt. 2,

§ 4a, R. C. S. 1925. There was no requested instruction to so limit it, and, in the absence of such instruction, we cannot hold that its admission for a lawful purpose was error.

We have examined the other assignments of error in reference to the admission of evidence and overrule same. We do not believe a discussion of these other assignments would be profitable.

[10] Error is assigned because of the refusal of the trial court to set aside the verdict of the jury and grant a new trial because of alleged misconduct of the jury. The misconduct shown is to the effect that, after the jury had retired to consider their verdict, but before they had considered same and reached a conclusion on the issues submitted, each of two jurors stated in the presence of the others that he had known of an instance of a person dying of erysipelas contracted from the breaking or pricking of the skin. These statements should not have been made. We do not believe, however, that the said statements were on any material contested issue in the case, for the reason that the undisputed medical testimony is to the effect that the disease of erysipelas always enters the body of the patient through such means—that is, a breaking of the skin—and we therefore hold it was not reversible error for the trial court to overrule the motion to set aside the verdict by reason of this incident.

Finding no reversible error, it is our opinion that the judgment of the lower court should be affirmed.

Affirmed.