### TEXAS EMPLOYERS' INS. ASS'N v. PUGH.
### No. 11382.

Court of Civil Appeals of Texas. Dallas.
Jan. 28, 1933.

Rehearing Denied Feb. 25, 1933.

### HARALSON et al. v. WHEELER.
### Motion No. 7446.

Court of Civil Appeals of Texas. Austin.
Jan. 18, 1933.

Lawther, Cox & Cramer and James P. Swift, all of Dallas, for plaintiff in error.

White & Yarborough, of Dallas, for defendant in error.

LOONEY, Justice.

W. L. Pugh instituted this suit to set aside the final decision of the Industrial Accident Board, and to recover from defendant, the insurance carrier, compensation for injuries alleged to have been sustained by him in the course of employment with Tennessee Dairies (employer) as night watchman, at its place of business in the city of Dallas.

All material issues were found for plaintiff; the facts in short are these: Late at night, August 26, 1930, while in the discharge of duties at his employer's place of business, plaintiff was attacked by two robbers, a negro man and woman, and in the struggle that ensued he was struck over the head with a piece of wood, and thrown against a counter, sustaining permanent injuries to his spine, resulting in total permanent incapacity; that at the time he was earning and being paid $20 per week, and had been receiving that same wage for more than a year preceding.

It was also in evidence that, during the year 1915, plaintiff's right leg was broken at or near the ankle, from which he recovered sufficiently to continue farming for three years, performing the usual and ordinary duties and labors of a farmer; thereafter was employed by different dairies, performing labor incident to that industry, chiefly milking cows, and for the two years preceding his injuries had served Tennessee Dairies, Inc., as night watchman at its place of business in East Dallas. It was also in evidence that, during his service as night watchman, he complained at times that his back and one leg bothered him a bit, and was seen to walk with an inverted broom, used as a crutch.

In response to special issues, the jury found that plaintiff sustained the accidental injuries in the course of employment, rendering him totally and permanently incapacitated, and also found facts that justified a lump sum payment. These findings are amply supported by evidence, and are adopted as our conclusions on the issues involved. In response to other issues, the jury found that the injury to plaintiff's leg, received in 1915, contributed 15 per cent. to such total permanent incapacity. Upon these findings, the court rendered judgment compensating plaintiff for 401 weeks, at the rate of $12 per week, being 60 per cent. of $20, his weekly wage, after deducting 15 per cent. of the compensation, under the finding that the prior injury contributed to that extent in producing plaintiff's total permanent incapacity.

Defendant perfected appeal, and, among other contentions, urges that the court erred in rendering the judgment, because the jury findings, to the effect that plaintiff's total permanent incapacity resulted from the injuries complained of, are in irreconcilable conflict with the finding that his leg injury, sustained in 1915, contributed 15 per. cent. to that result; hence a mistrial should have been declared, or, at all events, that plaintiff was not entitled to be compensated for more than 300 weeks, to be paid weekly, and not in a lump sum, in that the meaning of the jury findings is that plaintiff sustained only a partial incapacity.

Section 12c, art. 8306, R. S., provides: "If an employee who has suffered a previous injury shall suffer a subsequent injury which results in a condition of incapacity to which both injuries or their effects have contributed, the association shall be liable because of such injury only for the compensation to which the subsequent injury would have entitled the injured employee had there been no previous injury."

This provision is not applicable, unless the facts show, or tend to show, that the latter injury aggravated the former to an extent that the combined effect of the two result-

ed in producing incapacity; in other words, a causal connection between the two injuries must appear.

If the evidence, briefly referred to above, authorized the submission of that issue, which we do not deem it necessary to decide, still, from the other findings, it appears that no part of the period of plaintiff's incapacity would have existed, but for the injuries last received, resulting not in partial, but in permanent, incapacity, which, in the nature of things, began on the day the injury was received, and extended throughout the entire compensation period of 401 weeks. We therefore overrule these contentions.

■ Complaint is also made of the refusal of the court to submit defendant's requested issues Nos. 2 and 3, as follows:

"(2) Do you find from a preponderance of the evidence that the personal injury, if any, sustained by plaintiff on or about August 26, 1930, had to do with and originated in the work, business, trade or profession of the Tennessee Dairies, Inc.?

"(3) Do you find from a preponderance of the evidence that the personal injury, if any, sustained by plaintiff on or about August 26, 1930, was received while plaintiff was engaged in or about the furtherance of the affairs or business of his employer?"

Among other definitions given, the court properly defined the term "employee," also the phrase "injury sustained in the course of employment"; thereupon propounded, among others, the following material issue: "Do you find from a preponderance of the evidence, that such injuries, if any, sustained by plaintiff, W. L. Pugh, were received by him in the course of his employment with Tennessee Dairies, Inc.?" to which the jury answered "yes."

This, in our opinion, was a proper and sufficient submission. The ultimate fact, that is, whether plaintiff's "injury was sustained in the course of employment," as found by the jury, depended upon the existence of two elements, that is, (1) his engagement at the time must have originated in the work, business, etc., of his employer, and (2) be received while engaged in or about the furtherance of the affairs or business of the employer. To submit the ultimate fact in detail, that is, by making a separate issue of each element constituting the whole, as requested by defendant, would tend to confusion, and offend against the rule that forbids the submission of mere evidentiary issues. The court did not err in refusing the requested issues.

■ Defendant also assigns error on the action of the court in permitting plaintiff, over objection, to introduce the written notice of injury served on the employer, recit-

ing that the injury was caused by reason of an attack by high-jackers or robbers; also in introducing the written claim for compensation made on the employer, stating, among other things, that plaintiff's back was wrenched, twisted, and sprained, that his heart and head were bruised, resulting in injury to his entire nervous system, and to the tendons, leaders, muscles, and muscular attachments in his entire body; also in introducing the employer's report, to the Industrial Accident Board, containing a recitation that the employee was injured while scuffling with a negro man and woman, that the woman bit his hand, etc. This evidence was offered to show that proper notices of the accident were duly given; the objection being that the notices contained self-serving declarations.

In view of the entire record, we fail to find that defendant was prejudiced by the admission of this evidence; furthermore, as no request was made that the same be limited in its effect to the question of notice, defendant is in no position to complain. See Texas Employers' Ins. Ass'n v. Drews (Tex. Civ. App.) 297 S. W. 630.

Defendant's assignments, being without merit, are overruled, and the judgment of the trial court is affirmed.

Affirmed.