**TEXAS EMPLOYERS INS. ASS'N v. LITTLE.**

No. 1563.

Court of Civil Appeals of Texas. Eastland.

June 19, 1936.

Rehearing Denied Sept. 18, 1936.

Scarborough & Ely, of Abilene, for appellant.

Frank S. Roberts, of Breckenridge, for appellee.

LESLIE, Chief Justice.

This is a suit for workmen's compensation insurance by W. A. Little by reason of injuries sustained by him on or about May 4, 1930, at which time he was working for Goodwin and White, who carried such insurance with the Texas Employers Insurance Association. The employee was working around an oil rig when a piece of iron fell from the top of the rig, struck him a glancing blow on the head, making a depression or dent place in the skull. Apparently making an early recovery from his injuries, he made no claim for compensation until December 11, 1933, at which time his claim for compensation was filed with the Industrial Accident Board and predicated upon an alleged good cause for not sooner having filed the same. The board made an award in his favor and in due time the Texas Employers Insurance Association filed this suit in the district court of Stephens county to set the said award aside. Little answered and by cross-action sought to re-

cover compensation for the injury. The trial was had before the court and jury, and upon the latter's answer to special issues, judgment was rendered in favor of the claimant for partial disability (90 per cent.) for a period of 300 weeks. The association appeals. Other facts will be stated in connection with the assignments discussed.

The first proposition is in substance that since the appellee's injury occurred more than two years before the claim was filed, and his disability, if any, began shortly after the injury, and his excuse for delay being that he did not know that the injury caused the disability or incapacity suffered by him until shortly before he filed the claim, and it appearing that neither the appellant nor the employer were in any way responsible for the appellee's ignorance of the cause of his disability, good cause was not shown for his failure to file the claim within six months. The proposition is based upon the contention that the court erred in not granting it an instructed verdict and in submitting the issue where there was no evidence to warrant the same.

It is not contended that the appellant or the employer misled or defrauded the appellee in any way, or created in him false hopes or mistaken beliefs as to his physical condition subsequent to the injury. The gist of the appellee's contention is that after his injury of May 4, 1930, his "real disabilities" did not begin until about October, 1930, and he did not know that his disability or incapacity to labor was being caused by his head injury. That he was led so to believe by statements of others, and especially professional persons whom he consulted with reference to his physical condition, headaches, etc., which developed subsequent to his injury.

In the matter of good cause for not filing his claim earlier than he did, or within the usual statutory period after May 4, 1930, the employee, in substance, alleged and testified that after said date and injury he did not suffer any incapacity except for several days following the injury, and that at the end of such time he returned to work for his employer, believing the injuries trivial. That some time after the injury and his return to work, he began to have headaches, and, though slight in the beginning, increased in severity with physical exer-

tion. That in time the headaches increased to such an extent that he ceased working for Goodwin & White and returned to do clerical work at his own place of business in Breckenridge, Tex. That his eyes began to bother him, his sight becoming defective and his hearing impaired. That in consultation with professional men he was led to believe that his failing eyesight probably caused his recurring headaches. That on June 1, 1932, he had his eyes examined and fitted with glasses, that he might improve his vision and possibly relieve the cause of his headaches; that relief not being obtained he thereafter consulted a dentist; that he then had his teeth extracted upon advice and belief that an infection therein was possibly causing or contributing to cause his incapacity to labor, headaches, etc. That after the adoption of these measures and making a liberal use of home remedies he confidently expected that in due time, possibly in a year or so, his system would clear up and he would find relief from his headaches. That in entertaining such belief he was relying upon advice obtained from optometrists, dentists, doctors, etc.

That no relief being obtained, and his condition apparently growing worse, the appellee, upon the advice of a friend, consulted Dr. Wayne V. Ramsey, of Abilene, Tex., who was represented to be an expert on X-ray work, diagnosis, etc. That appellee immediately employed said Ramsey to examine him, make an X-ray plate of his head and advise him concerning the cause of his physical condition, headaches, etc. That based upon the history of his case and the examination so made, the doctor advised the appellee he was suffering from intracranial pressure as a result of his old head injury. That this was the first information that he had ever received that his physical condition was due and attributable to the old head injury of May 4, 1930. That had he known or had reasonable grounds to believe that his condition or incapacity then or theretofore existing was in any degree attributable to said injury, he, long prior to his consultation with Dr. Ramsey, and within the statutory time, would have filed a claim with the Industrial Accident Board for compensation. That immediately and within a reasonable time after he acquired such information from Dr. Ramsey about November 29, 1933, he filed, December 11, 1933, his claim with the In-

dustrial Accident Board with the view of fixing his rights for compensation under the laws of this state.

Taking the appellee's testimony in the most favorable light, which this court is required to do, we are of the opinion that it was sufficient under the pleadings to present a case for compensation predicated upon the showing of good cause for not having sooner filed the claim with the Industrial Accident Board. The conclusion is warranted by the following authorities: Williamson v. Texas Indemnity Ins. Co. (Tex.Sup.) 90 S.W.(2d) 1088; Texas Indemnity Ins. Co. v. Holloway (Tex.Civ.App.) 30 S.W.(2d) 921; Employers' Liability Assur. Corp. v. Francis (Tex.Civ.App.) 300 S.W. 137; Texas Employers' Ins. Ass'n v. Price (Tex.Civ.App.) 300 S.W. 667; Id. (Tex.Civ.App.) 300 S.W. 672; Georgia Casualty Co. v. Little (Tex.Civ.App.) 281 S.W. 1092; Home Life & Accident Co. v. Orchard (Tex.Civ.App.) 227 S.W. 705; Consolidated Underwriters v. Seale (Tex.Civ.App.) 237 S.W. 642; Texas Employers' Ins. Ass'n v. Clark (Tex.Civ.App.) 23 S.W.(2d) 405. That is, such issues were raised by the pleadings and the testimony, and were for the jury's determination. The appellee's belief and efforts to obtain relief through the optometrist, the dentists, and the remedies pursued, evidence some degree of good faith in the contentions made.

In his opening address to the jury, counsel for appellee said: "This case, gentlemen, is before you upon appeal from the Industrial Accident Board and appealed by the Texas Employers Insurance Association because they were not satisfied with the award made by the board." Objection was made to this statement on the ground that it was prejudicial, etc., in that it sought to tell the jury what had been done by the Industrial Accident Board. The court sustained the objection and instructed the jury not to consider the remarks. The counsel who made the remarks withdrew them in so far as they were claimed to be prejudicial.

The appellee in reply to the assignment also seeks to justify in this court the remarks on the ground that the matter stated by him was in fact pleaded by the insurance association, as well as himself, and in each instance read to the jury without objections.

The second paragraph of the plaintiff's petition informs the jury that the Industrial Accident Board made an award in the case and that the plaintiff Texas Employers Insurance Association filed "notice of intention to appeal from the award * * * and that this suit was filed within due time, etc., in this court." The record as a whole shows the point to be nonprejudicial. In three different paragraphs of appellee's pleading it is alleged that said award was made by the board and that the insurance association "duly perfected its appeal therefrom." It is difficult to see that the remarks objected to in this assignment could possibly contain any more information or be any more prejudicial, if they were, than the pleadings which were without objection read to the jury, and which in four different instances stated that the board made an award and the association was appealing therefrom. Jurors with the degree of common sense that qualifies them to act as such would necessarily know that one appealing from an award would do so because he was not satisfied with it. The thought objected to being several times communicated to the jury in the pleadings and read without objections to them, it is, we think, sufficient to render the remarks of counsel harmless, if the statement was error at all. Especially do we so conclude since the remarks were apparently withdrawn by the counsel in a statement reflecting sincerity and the court also instructed the jury not to consider the same. The second proposition is overruled, and for the same reasons the third proposition is overruled.

Immediately after Dr. Ramsey examined the appellee he wrote him a letter November 29, 1933, stating in substance the history of the case, the result of his examination, and based thereon his professional opinion that the appellee's physical condition, headaches, etc., were due to the old head injury received May 4, 1930. In substance, the doctor testified the same and that such conclusions were embodied in said letter. In connection with the doctor's testimony, this letter was admitted in evidence over the appellant's sole objection that it was hearsay. No request was made that the effect of the letter be limited to any particular issue or purpose.

The contents of the letter, in so far as they stated that it would be hazard-

ous for the appellee to undertake to do his former type of work, and that it was improbable that his then condition would ever improve, were hearsay on such issues, but in so far as the letter (taken with the doctor's testimony) revealed to the appellee for the first time, as he testifies, the causal connection between his head injury and his subsequent physical condition, headaches, etc., it was original testimony of said fact, and when obtained. Such notice had a material bearing upon the issue of good cause.

■ As said in Jones on Evidence, p. 455, § 300, statements apparently hearsay may be original evidence under certain circumstances. The text then quotes from an authority on evidence, the following: "It does not follow because the writing or words in question are those of a third person, not under oath, that therefore they are to be considered as hearsay. On the contrary, it happens in many cases that the very fact in controversy is whether such things were written or spoken, and not whether they were true; and in other cases such language or statements, whether written or spoken, may be the natural or inseparable concomitants of the principal fact in controversy"—in this case such fact being first notice of said causal connection. In fact, it is elementary that statements which have been made to a person may be material for the purpose of showing what knowledge or information he has respecting a given subject, and when he acquired such knowledge or information, if such be material issues.

The principle has application in cases of fraud where a plaintiff seeks to recover damages by reason thereof and undertakes to toll the statute of limitation by pleadings and proving that he did not discover the fraud until a time within which the cause of action would not be barred at institution of suit. Illustrative of such cases is Texarkana Motor Co. v. Brashears (Tex.Civ.App.) 37 S.W.(2d) 773, 774. In that case the plaintiff was allowed to testify over the objection of appellant that while the automobile in evidence was in the shop of Dilby Auto Company undergoing repairs, he, plaintiff, obtained information through Joe Speers, the mechanic, that the "automobile 'was of the 1925 model, a defective model, defective in the oiling system, and not

properly distributing oil, and at a speed exceeding thirty-five miles the connecting rod did not equally distribute oil and would inevitably burn out.'" The appellant insisted the evidence was hearsay and inadmissible. The court held: "Although giving the particular defects pointed out, yet the witness was merely undertaking to state *when and the circumstances under which he gained his knowledge about the condition of the automobile.* In that view there was no legal objection to the evidence." (Italics ours.)

■ In the instant case the letter was relevant to show time and circumstances under which the appellee gained his knowledge of the causal connection, if any, between the old injury of May 4, 1930, and his present condition. As verified, the letter is doubtless the best evidence of those matters.

In Texas Employers' Ins. Ass'n v. Pugh (Tex.Civ.App.) 57 S.W.(2d) 248, the same principle was employed to uphold the admissibility of statements, certain phases of which were inadmissible. In that case the defendant assigned as error the action of the trial court in permitting the plaintiff, over its objection, to introduce the written notice of injury served on the employer, reciting that the injury was caused by reason of an attack by highjackers, etc.; also, in admitting the introduction of the written claim for compensation stating, among other things, that plaintiff's back was wrenched, twisted, and sprained, that his heart and head were bruised resulting in injury to his entire nervous system, etc., and also in permitting the introduction of the employer's report to the Industrial Accident Board containing a recitation that the employee was injured while scuffling with a negro man and woman, etc. The testimony was objected to as self-serving. Undoubtedly it was admissible to establish such jurisdictional facts in a compensation case. The appellant did not seek to have the court limit the testimony, and the appellate court held that if no request was made that the same be limited in its effect to the question of notice, etc., the defendant is in no position to complain. See, also, Texas Employers' Ins. Ass'n v. Drews (Tex.Civ.App.) 297 S.W. 630 (9).

The opinion of the Supreme Court in Burrell Engineering & Construction Co.

v. Grisier, 111 Tex. 477, 240 S.W. 899, 900, is authority for the admissibility of the Ramsey letter in so far as it carried notice to the appellee of the causal connection between said injury and his condition, as well as the date he gained such information. In the Grisier Case a witness testified that about a week before the accident he heard one of the employees of the construction company, who, he (the witness) thought was an engineer, request permission of Leo Jones, superintendent in charge of the work, to repair the engine which he told Jones at the time was in bad shape, and to which Jones replied "No; we are going to make it go until we get through this job before we do anything with it, if we can." Said testimony was objected to because it was "in the· first place, hearsay, and, in the second place, that it was coming from an * * * unknown source; * * * that plaintiff in error had no opportunity whatever for contradicting such testimony, could not cross-examine the witness who made the remark," etc. The objections were overruled, his testimony admitted, and the only assignment was to the effect that the evidence was hearsay. Leo Jones was the superintendent of the construction company. Notice to him was, in the line of his duty at the time and under the circumstances, notice to the plaintiff in error. The court held: "The evidence was clearly not hearsay as to plaintiff in error for the purpose of notice; it was a statement to plaintiff in error's superintendent concerning the work then being done, sufficient within itself to put plaintiff in error upon inquiry as to the condition of the engine. * * * The Court of Civil Appeals correctly held that, in the absence of a request for an instruction to the jury limiting the effect of the testimony, plaintiff in error cannot complain of its unqualified admission by the court."

Upon the latter phase of the holding and concerning the necessity for limiting testimony, the rule is stated in 3 Tex. Jur. p. 192, § 129, as follows: "If proffered testimony is admissible with respect to any existent issue it may not rightly be excluded because it is not admissible on all the issues; the objecting party must at the time of the admission or later by special charge or motion request its limitation." The rule as thus stated is supported by the numerous authorities cited in the text.

■ Hence, it is our conclusion that in the absence of request for the limitation of the testimony to the pertinent issue there was no error in the admission of the letter which from its date and delivery was notice and warning to the appellee to proceed with diligence to bring before the proper tribunals any claim for compensation which he might base on the original injury, the subsequent results of which on his health and physical condition he (according to pleading and testimony) was unaware of prior to his having received said letter and information from Dr. Ramsey.

■ By the fifth proposition it is contended that special issue No. 1 is defective and insufficient in that it does not have the idea of continuity with reference to the existence of good cause up to the filing of the claim. The issue reads as follows: "Do you find from a preponderance of the evidence that W. A. Little had good cause for not filing the claim for compensation with the. Industrial Accident Board earlier than said claim was actually filed?" It is undisputed that the claim was filed December 11, 1933. In the light of the statutes and the unchallenged pleadings pertaining to good cause, we are of the opinion that the issue is in substance sufficient, and that it necessarily covers time continuously to the filing of the claim. This contention is overruled.

For the reasons assigned, the judgment of the trial court is affirmed.