## FIDELITY & CASUALTY CO. OF NEW YORK v. COGDILL.

### No. 11167.

Court of Civil Appeals of Texas.
San Antonio.

July 22, 1942.

Rehearing Denied Aug. 19, 1942.

Eskridge & Groce, of San Antonio, for appellant.

Spears, Conger, Baskin & Spears and Charles J. Lieck, all of San Antonio, for appellee.

SMITH, Chief Justice.

In this workman's compensation case, Roy Vance Cogdill was awarded compensation for temporary total and temporary partial incapacity, respectively, and Fidelity & Casualty Company of New York, the insurance carrier, has appealed.

The appeal rests primarily upon appellant's contention that no causal connection was shown between appellee's injury and his employment, which showing was admittedly essential to a right of recovery.

Appellee objects to the consideration of the matters presented in appellant's brief, upon the contention that appellant did not efficiently except below to the trial court's findings of fact. The trial judge's findings of fact consist in the main of a narrative of evidentiary matters, rather than of separate findings upon specific issues material to the judgment. To those recitals which may be construed as tangible findings of fact upon issues material to this appeal, the appellant specifically excepted,

on grounds pertinent to the first point in its brief.

Appellee is a motion picture projectionist, employed as such in the Aztec Theatre in the City of San Antonio. His work is done in the projection room, or booth, of which he is the sole occupant while employed. The room is "in the top of the balcony, in the extreme back end," of the theatre building, and no others are permitted to enter it while shows are being put on, except by express permission of the management, and then only in rare instances, to other employees on particular errands there.

The projection booth in which appellee did his work had only one door. On this occasion appellee was bending over, with his back to the door, working with the projection machines. While appellee was so engaged one Mouton, with his face and head masked, slipped through the door into the booth, crept up behind appellee and began beating him over the head and body with a "blackjack," causing the injuries for which he was awarded compensation in this case. Appellee struggled with Mouton, but finally called for help, and, upon the approach of others in response to the call, Mouton turned and fled, but in leaving the building jumped or fell heavily to the sidewalk, and being unable to escape was there apprehended by others who had heard appellee's call for help. He was afterwards prosecuted, convicted and sent to the penitentiary for his felonious assault on appellee.

There was no direct evidence of Mouton's motive for the assault. There was some circumstantial evidence, however, upon that issue, which, although vague and inconclusive of itself, pointed by necessary implication to a purely personal grudge held by Mouton against appellee. These circumstances are: Appellee elicited on direct examination of his own witnesses that when Mouton, lying helpless on the sidewalk, was apprehended immediately following the assault, he was asked "what he had done," and replied, "Well, he (appellee) was fooling" or "messing around with my wife," or "with my girl friend." There were other implications in the testimony, without probative force, however, that there was some sort of feud between appellee and other members of his union, which involved Mouton, who was a projectionist employed in a Houston theatre. Further and more direct evidence of this

phase was prevented by appellee's objections to that line of inquiry. Appellee himself testified that he had heard rumors of Mouton's motive for the assault, but this inquiry was blocked by appellee's objections. Moreover, appellee testified that he had some "ideas" of Mouton's motive, but that line, too, was blocked by appellee's objections. In fact, the bald record raises a very strong inference that appellee knew Mouton's motive and shrank from exposing it, and, further, that it was of a purely personal nature. Be that all as it may, if there had been any evidence of another or different motive, the trial judge would have been authorized to believe such evidence and disregard that pointed out above as indicating a personal grudge. But there was no evidence pointing to a different motive, or showing any relation between appellee's duties as an employee, and the assault upon him by Mouton.

■ The trial judge found in the course of his narrative of evidentiary matters that Mouton's motives were "absolutely either to rob defendant (appellee) or to do some harm to the projection machines or projection room or show, or both." This finding, being in the alternative, afforded no basis for judgment on either alternative, but, be that as it may, there was no testimony or circumstance upon which to base even a surmise of either motive. There was in fact no evidence showing or tending to show a motive, unless the personal grudge motive is disclosed in the res gestae statement of Mouton that appellee had been "fooling" or "messing around" with the assailant's wife, or his girl friend, and by the vague implications of animosity growing out of union relations, and appellee's reluctance to go into, and his effectual calling off of further inquiry into, the personal grudge phase of the case.

■ Further, in narrating evidentiary matters, the trial judge stated: "That the injury was not caused by the act of a third person intended to injure the defendant, Roy Vance Cogdill, because of reasons personal to him, but was directed against him as an employee and because of his employment." This finding was attacked by appellant on the ground that it was not supported by the evidence, and we must sustain that objection. For, as stated, there was no evidence to support even a conjecture that the attack was impersonal; the only implications of the record,

even though insufficient to support a finding, are that the motive of the attack was personal, and unrelated to appellee's employment by the theatre owner. For, whatever his undisclosed motive may have been, his sole purpose, so far as the record shows, was to inflict physical injury upon appellee. This purpose was summed up by appellee himself, when he was asked, "Did he do anything but try to hit you with the black jack and fight you?" and answered, "That is all."

 It is conceded by appellee, or at least it is true as a matter of law, that the burden was upon appellee to establish, by competent evidence, a causal connection between the work he was required to do in his master's behalf and the injuries he sustained; that the causative danger was peculiar to that work and not common to the neighborhood; that it was incidental to the business of his master and arose out of the relation of master and servant; that it originated from a risk connected with the employment and flowed from that source; that it was such an injury as "has to do with, and arises out of, the work or business of the employer, when it results from a risk or hazard which is necessarily or ordinarily or reasonably inherent in or incident to the conduct of such work or business." Safety Casualty Co. v. Wright, Tex.Sup., 160 S.W.2d 238, 242; Smith v. Texas Employers' Ins. Ass'n., 129 Tex. 573, 105 S.W.2d 192; United Employers Cas. Co. v. Barker, Tex.Civ.App., 148 S.W.2d 260. Tested by this well settled rule, there was not a scintilla of evidence in this case showing or tending to show any connection between the work appellee was doing, or that he was required to do, on the one hand, and his injury, on the other.

If the evidence was insufficient to support a finding that the assault was the result of a personal grudge (which would have required judgment in favor of appellant), then the cause and purpose of the assault are left wholly to surmise and conjecture, and in such case the courts have no power to choose one cause over another. Davis v. Castile, Tex.Com.App., 257 S.W. 870; Service Mutual Ins. Co. v. Banke, Tex.Civ.App., 155 S.W.2d 668, writ refused; Houston, etc., Co. v. Biber, Tex.Civ.App., 146 S.W.2d 442. Appellant's first point, in which this question is raised, is sustained. Its remaining points are overruled.

The judgment must be reversed, but as the case seems susceptible of further development, the cause will be remanded for a new trial.

Reversed and remanded.