ÆTNA CASUALTY & SURETY CO. v. ENGLAND.

No. 4519.

Court of Civil Appeals of Texas. Beaumont.
June 17, 1948.

Rehearing Denied July 14, 1948.

King, Sharfstein & Rienstra, of Beaumont, for appellant.

Stephenson & Stephenson, of Orange, for appellee.

COE, Chief Justice.

This is a workmen's compensation suit instituted by E. V. England against the Aetna Casualty & Surety Company claiming 149 weeks compensation for an injury alleged to have been sustained by him while in the course of his employment with E. I. dupont de Nemours & Company, hereinafter referred to as Dupont Company, in Orange County, Texas. The trial was had before a jury who found for plaintiff on all issues submitted, awarding him compensation for 149 weeks at the rate of $19.20 per week. Judgment was entered for plaintiff in accordance with such verdict, and after defendant's amended motion for a new trial was overruled it has perfected its appeal to this court.

Appellant bases its appeal on 10 points, assigning error to the failure of the trial court to instruct a verdict in favor of appellant and its failure to grant its motion for a new trial because of the insufficiency of the evidence to support certain findings of the jury, and prayed that this court reverse the judgment of the trial court and render judgment in favor of the appellant or in the alternative to reverse the judgment of the trial court and remand this cause for a new trial.

The substance of appellant's points are to the effect that there was no evidence justifying the court submitting to the jury the special issues inquiring as to whether the appellee was injured in the course of his employment, and inquiring of the jury whether or not the assault made upon appellee was directed against him as an employee or because of his employment; that there was no evidence that plaintiff's injuries had to do with an originating in the work, trade, business or profession of his employer; and in the alternative that the evidence was insufficient to support the verdict of the jury in answer to such issues. The issues submitted by the court and answer of the jury thereto made the basis of appellant's complaint inquired of the jury whether the injuries sustained by appellee were sustained in the course of his employment with his employer, and whether the assault was made upon him as an employee or because of his employment with his employer. The question here presented for our determination is first whether or not there is any evidence justifying the court in submitting such issues and second whether there is sufficient evidence to support the finding of the jury in answer to such issues. It appears from the evidence that appellee's injuries, which were the basis of this suit, were received by him on January 20th or 21st, 1947. At that time appellee was an employee of the Dupont Company, and had been for several months prior thereto. On that date ap-

pellee had ridden to work in an automobile with at least two other employees of the same company, and had arrived at the parking lot provided by the company for its employees to park their cars while at work; that as appellee was getting out of the automobile in which he had ridden to work he started on his way to gate No. 4 of the plant to begin work at 8 o'clock A.M. when a party by the name of Reaux or Rock, who will be referred to hereafter by the name of Rock, approached the automobile and began asking questions directed at the other riders in such automobile; that he paid no attention to such questions, but started on his way to gate No. 4, which was his regular entrance into the plant; that before he was able to reach the gate, and while some distance therefrom, he heard someone hollow "English, English" and ran up behind him, saying something in French which he did not understand; that such party who was afterwards identified as a man by the name of Rock ran up behind him and turned him around and slapped him in the jaw; that such person said something about some credentials and said: "You God damn Son of a Bitch have you got your credentials with you"; that he did not have any idea what credentials such person was talking about, but that he knew what he had reference to; that he, appellee, was behind in his Union dues in the sum of $4 or $6, but that such person did not give him time to explain; that his assailant belonged to the same union as did appellee; that he had seen his assailant in the Union Hall and believed that he was a steward of the union; that the credentials that Rock was talking about were Union credentials; that appellee was a member of the same union, but, as stated above, was behind with his dues; that when the said Rock struck appellee and knocked him to his knees, Rock then asked him to pull his glasses off and that he undertook to do so and while in the act of removing his glasses some person came up behind him and hit him in the neck, and held his arms back of him while Rock hit him in the face and stomped plaintiff in the back; that Rock was a much larger man than appellee and had a big ring upon

his hand and hit him on the forehead, nose, cheek and lip while one of the men hit him on top of the head; that he was knocked unconscious.

Since no question is raised about the extent of appellee's injuries, we will not set out further the testimony with reference thereto. Appellee further testified that he did not have any knowledge that anyone was going to strike him, and that he had not done anything that would have justified anyone making an attack on him; that he did not undertake to strike any blow or engage in the fight at any time; that he did not attempt to strike anyone; that at the time the attack was made on him he was traveling the route necessary for him to travel to enter into the place where he was employed; that he had not been taking his Union credentials with him; that he had not had any personal trouble with Rock about anything at all; that he did not know him outside of his work or outside of his union; that he had no contacts with such man other than with reference to the Union matter; that no one had spoken to him about being in arrears with his dues with the Union; that Rock was an employee of the Dupont Company as a labor foreman, but had nothing to do with appellee and his work. One of the employees of the Dupont Company who had ridden to work in the automobile with appellee testified that upon reaching the parking lot a man came up to the car (describing him), inquiring about Union dues, and the witness stated that he told such person that the department in which he was working did not require that they belong to the Union and that the witness did not belong to the Union and that such fellow then stated it was O.K., and that such party then began walking or trotting toward appellee and began to hollow "English, English"; that such person's name was said to be Reaux or Rock. The evidence further shows that on the date appellee was assaulted that they were having labor trouble between the Union and the Dupont Company which culminated in a strike on the following day; that there had been other trouble between the Union and other employees about the same time

or a few days before that; that a complaint was filed against Rock or Reaux charging him with assault and battery on the appellee to which charge he plead guilty and was fined $21.85. Rock did not testify in the trial of the case. Appellant offered certain evidence indicating that appellee was the aggressor in the fight which resulted in his injuries, but in view of the finding of the jury to the effect that he was not, it makes no point of same and therefore such evidence will not be set out in this opinion.

As we view the record in this case, the controlling point, and one which has given us much concern, is whether the evidence is sufficient to raise the issue and to support the finding of the jury in answer to Special Issue No. 14 to the effect that the assault was directed against the appellee as an employee or because of his employment with the Dupont Company. A proper answer to this question to our minds disposes of this appeal. Appellant earnestly and ably contends that the evidence justifies only one conclusion, that is, that the assault was directed against appellee because of his Union affairs, and in no event could it be said that such an attack was directed against him as an employee or because of his employment with his employer. Article 8309, Section 1, Vernon's Civil Statutes of Texas provides that the term "injury sustained in the course of employment,' as used in [the Workmen's Compensation law] shall not include: * * * an injury caused by an act of a third person intended to injure the employee because of reasons personal to him and not directed against him as an employee, or because of his employment". Since the assault made upon appellee was admittedly made by a third person intending to injure him it was incumbent upon appellee to show by a preponderance of the evidence that such assault was directed against him as an employee or because of his employment. Many cases have been cited by appellant supporting its contentions, both that there was no evidence and that there was insufficient evidence to justify the court submitting such issues, and to support the finding of the jury to the

effect that such assault was directed against him as an employee or because of his employment, among which cases are: Lumberman's Reciprocal Ass'n v. Behnken, 112 Tex. 103, 246 S.W. 72, 28 A.L.R. 1402; Safety Casualty Co. v. Wright, 160 S.W. 2d 238; McNicol's case, 215 Mass. 497, 102 N.E. 697, L.R.A.1916A, 306; Aetna Life Insurance Co. v. Matthews, Tex.Civ. App., 47 S.W.2d 667; Fidelity & Casualty Co. v. Cogdill, Tex.Civ.App., 164 S.W.2d 217. On the other hand appellee has cited quite a number of cases, most of which relate to injuries received by an employee as a result of fellow employees participating in horse play. Among such cases is Cassell v. United States Fidelity & Guaranty Co., 115 Tex. 371, 283 S.W. 127, 131, 46 A.L.R. 1137, where compensation was allowed for injuries received by an employee resulting from horse play engaged in by fellow employees in which the claimant took no part. In the course of that opinion the court stated: "For workmen of that age or even of maturer years to indulge in a moment's diversion from work to joke with or play a prank upon a fellow workman is a matter of common knowledge to everyone who employs labor", and further that "the test of liability is the relation of the service to the injury, of the employment to the risk", and concluded that such an injury arose out of the employment. This reasoning to our minds, applies with equal force to labor troubles among workmen. We have been cited no case, nor have we been able to find such a case presenting the factual situation as is here presented. There are several cases in other jurisdictions holding that an assault made by a member of a Union against a non-Union employee is compensable. See Horovitz on Workmen's Compensation, p. 139; Patterson v. S. S. Thompson, 169 A. 338, 12 N.J.Misc. 4; Ruggles v. Ellen & Jefferys, 249 App.Div. 897, 292 N.Y. S. 635; Golder v. Marco Mfg. Co., 191 A. 290, 15 N.J.Misc. 377. However, we are here confronted with an assault made by a fellow-employee who was a member of the same union to which appellee belonged. However, the controlling point is whether there was a causal connection between the

assault made and the employment of appellee. We have concluded that the jury was justified in believing that the assault was directed against appellee as an employee or because of his employment. There is nothing in the evidence to indicate that the man Rock had any authority or was undertaking to collect any dues due by delinquent members of his union, and we feel that it could be reasonably inferred from the evidence that the assault was directed against appellee not because he was delinquent in his dues; but because he was pursuing his employment without keeping his dues paid to date, and, therefore, not in good standing with the Union. We are unable to distinguish between an assault made by a union man against an employee because he is a non-union man and an assault made by an official of the union because a member of such union continues in his employment without paying his dues before becoming delinquent. Therefore, we are convinced that the evidence is sufficient to show a causal connection between the appellee's employment and his injuries. The evidence conclusively shows that appellee had reached the premises of his employer for the purpose of engaging in his usual task as a workman. (This within itself is sufficient to support the finding of the jury that appellee was injured in the course of his employment). Lumbermans' Reciprocal Ass'n v. Behnken, 112 Tex. 103, 246 S.W. 72, 28 A.L.R. 1402 and cases there cited. American Mut. Liability Ins. Co. v. Parker et ux., 144 Tex. 453, 191 S.W. 2d 844. The fact that the assault was made upon appellee upon the premises of his employer, and as he was undertaking to enter upon the discharge of his duties as such employee also lends weight to his contention that the assault was directed against him because of his employment. We believe and so hold that the evidence was sufficient to justify the trial court submitting each of the issues complained of by appellant, and also sufficient to support the verdict of the jury in answer thereto. Therefore, each of appellant's points are overruled, and the judgment of the trial court is affirmed.