J. R. DAVIS, Appellant,

v.

MARYLAND CASUALTY COMPANY, Appellee.

No. 16399.

United States Court of Appeals Fifth Circuit.

April 26, 1957.

464

James K. Graham, Abilene, Tex., Scarborough, Yates, Scarborough & Black, Abilene, Tex., of counsel, for appellant.

Clyde Fillmore, Wichita Falls, Tex., Jones, Parish & Fillmore, Wichita Falls, Tex., of counsel, for appellee.

Before HUTCHESON, Chief Judge, and TUTTLE and JONES, Circuit Judges.

JONES, Circuit Judge.

The appellant, J. R. Davis, was the plaintiff in the district court. He was a foreman employee of Pecos Valley Construction Company which was doing a paving job in Knox City, Texas. Tom B. Arrington was an engineer engaged in the inspection of the work and charged with the duty of seeing that it was done in accordance with specifications. During the work Arrington told Davis that there was not enough rock on the street where the work was in progress. Davis replied that the amount required by the specifications was in place. Davis quoted Arrington as saying, "Well it's not enough and I am not going to accept the street until you do it. You have got to put more rock on that street". The answer of Davis, so he testified, was, "Now Tom, I want to tell you, I'll do anything that you ask me to, but don't tell me any more that I have got to do anything. If you do, get up here at hand because I am going to try to knock your block off." This evoked from Arrington the reply, "Okay, make a good job of it or I'll kill you." Thereafter Davis and Arrington apologized to each other. They visited together, drank coffee together and played dominoes together when off work. They had no further cross words, disputes or arguments. Some time later, two or perhaps three months thereafter, and in the late afternoon on November 8, 1954, Davis had gone to the office of his employer to turn in his time. Arrington was in the office talking to another employee of the contractor. Arrington got up, drew a pistol and cursed Davis and said "I told you I'd kill you". Davis grabbed Arrington who fired two shots, the first of which hit Davis. Arrington had been drinking. Davis brought suit against Maryland Casualty Company, the Workmen's Compensation insurance carrier of his employer, claiming compensation. The defendant claimed that the injury was not compensable and cited that portion of the Texas Workmen's Compensation Act which provides:

"The term 'injury sustained in the course of employment,' as used in this Act, shall not include: * * *

"2. An injury caused by an act of a third person intended to injure the employee because of reasons personal to him and not directed against him as an employee, or because of his employment." Vernon's Ann. Civ.Stat. Art. 8309, § 1.

The trial court agreed with the defendant and at the conclusion of the evidence directed a verdict for it. The cause is before us upon an appeal from a judgment entered upon the directed verdict.

■■ The duty rests upon the claimant to show that the assault upon him was directed against him as an employee or because of his employment. The controlling point is whether there was a

causal connection between the assault and the employment of the claimant. Aetna Casualty & Surety Co. v. England, Tex.Civ.App., 212 S.W.2d 964. If there is no controverted issue of fact the court can properly take the case from the jury and direct a verdict. Erwin v. Texas Employers' Insurance Ass'n, Tex.Civ. App., 63 S.W.2d 1076. Our situation is not one where a guard or watchman, or other employee, is exposed to peculiar risk of assault and is injured by the attack of a third person. In such case compensation is allowed where the employee is injured in an attack made by one bent upon doing mischief to the employer or his property. Casualty Reciprocal Exchange v. Johnson, 5 Cir., 148 F.2d 228; Texas Employers Insurance Ass'n v. Pugh, Tex.Civ.App., 57 S.W.2d 248; Service Mutual Insurance Co. of Texas v. Vaughn, Tex.Civ.App., 130 S.W. 2d 392. If the assault upon Davis had occurred at the time of the original altercation between him and Arrington, a different question would be presented. Where an employee is injured in a dispute with another employee as to the manner in which the work of the employer is being done, compensation may be allowed. Traders & General Insurance Co. v. Mills, Tex.Civ.App., 108 S.W. 2d 219; Associated Employers Lloyds v. Groce, Tex.Civ.App., 194 S.W.2d 103; Texas Indemnity Insurance Co. v. Cheely, Tex.Civ.App., 232 S.W.2d 124.

In Commercial Standard Insurance Co. v. Austin, Tex.Civ.App., 128 S.W.2d 836, a quarrel arose between two employees over the manner of doing the work of the employer. One of these employees was discharged, left the site of the work, returned in about an hour and shot and killed the other. It was held that this evidence supported a jury verdict for the legal beneficiaries of the deceased employee. Here we have no such situation. There was no proximity of time, occurrence or relationship between the original difficulty and the attack which resulted in the injury. By Davis' testimony it was shown that the original argument had been followed by mutual apologies and by visiting, playing dominoes and drinking coffee together without cross words, disputes or arguments. The injury cannot be said to have been the result of the former dispute. New Amsterdam Casualty Co. v. Collins, Tex.Civ.App., 289 S.W. 701. The relationship of the assault must be established and cannot be left to surmise. Fidelity & Casualty Co. of New York v. Cogdill, Tex.Civ.App., 164 S.W.2d 217.

The judgment of the district court is free from error. It is

Affirmed.

TUTTLE, Circuit Judge (dissenting).

With deference to the views of the majority, I respectfully dissent.

The only possible explanation of motivation for the shooting here was that stated by Arrington when he shot the employee Davis, "I told you I'd kill you."

The only possible incident to which that remark could refer was the altercation arising immediately out of the carrying on of his work by Davis. For the court to hold under these circumstances that the jury could not infer (with all the legal restrictions normally placed around that term) that the shooting arose out of the course of the employment is contrary to my understanding of the functions of court and jury. The opinion cites cases that support the theory that where an employee is injured from an altercation arising out of the manner of doing the employer's work recovery may be had. See particularly Commercial Standard Insurance Co. v. Austin, Tex.Civ.App., 128 S.W.2d 836. It is for the jury, not the court, to say whether three months of apparent friendship was sufficient to end the chain of causation here, especially in light of the statement made by the aggressor, "I told you I'd kill you," which remark painted in outline so clear that even a jury might see its links a chain of causation tying in the earlier threat with its repetition at the time the deed was done.

I think the evidence was more than ample for submission to a jury. I would reverse for a jury trial.