**UNITED STATES CASUALTY COMPANY,**
**Appellant,**

v.

**Winston L. HENRY, Appellee.**

**No. 4104.**

Court of Civil Appeals of Texas.

Waco.

April 18, 1963.

Rehearing Denied May 9, 1963.

Fulbright, Crooker, Freeman, Bates & Jaworski, Kelly D. Williams, Houston, for appellant.

Combs & Mitchell, Thomas J. Mitchell, Houston, for appellee.

McDONALD, Chief Justice.

This is a compensation case. Plaintiff was injured as the result of a fight on

the employer's premises. Trial was to a jury which found that plaintiff was injured in the course and scope of his employment. Judgment was entered for plaintiff, on the verdict, for $3315.87. Defendant did not file a motion for a new trial, but appeals directly from the overruling of its motion for judgment non obstante veredicto. The sole issue, therefore, is whether there is *any evidence* to support the jury's finding that plaintiff was injured in the course and scope of his employment.

Plaintiff was a carpenter working on a job for Harbison Norris. Prior to March 1, 1961, plaintiff's father also worked on the job as a carpenter, but quit on March 1, as a result of a dispute with the foreman Leroy Stoerkel, over ownership of a nail bar. At the time of quitting, plaintiff's father was owed 2 days' pay. The foreman, Leroy Stoerkel, refused delivery of the check unless he received the nail bar. Plaintiff's father thereafter asked plaintiff to get his check for him from Harbison Norris. On March 15, 1961, Harbison Norris, the employer, gave plaintiff the father's check, for delivery to the father.

On that same morning the father came on the job to get his check, not knowing it had been given to his son earlier in the day. With plaintiff's father was a Mr. Wilson. Plaintiff's father asked Leroy Stoerkel for his check, and Stoerkel replied by asking for the nail bar. A fight ensued between plaintiff's father and Stoerkel. Mr. Wilson then asked Stoerkel to get the check, so he and plaintiff's father could leave the premises. Stoerkel went to the office to get the check; learned that plaintiff had it; hunted up plaintiff where he was working; told plaintiff his father was on the premises; and demanded the check of plaintiff. Plaintiff did not give Stoerkel the check, but walked over to deliver the check to his father himself. At this time plaintiff did not know of the fight that had occurred between Stoerkel and his father. Plaintiff and Stoerkel arrived where plaintiff's father and Mr. Wilson were; and instantly another fight broke out between plaintiff's father and Stoerkel. Plaintiff and Mr. Wilson attempted to separate the two in order to stop the fight. At this point plaintiff was struck and knocked down by John Stoerkel, a brother of Leroy Stoerkel, and a worker on the job. It was this blow and fall which caused plaintiff's injury and disability.

One week before plaintiff and John Stoerkel were working together setting forms and a dispute arose between them over the manner of setting the forms, and grew so heated that they drew their hammers on each other. As a result of this John Stoerkel laid off work the rest of that day, and refused to work with plaintiff any more. John Stoerkel testified that he had not forgotten this argument, and that he was a man who did not "forget or forgive." He further testified however, that the reason he hit plaintiff was because plaintiff was fighting with his brother.

As noted, the sole issue is whether there is any evidence to support the jury finding that plaintiff was injured in the course and scope of his employment, as defendant appeals directly from the trial court's overruling of its motion for judgment non obstante veredicto.

 There are a number of cases in which injuries have been received in personal encounters or fights between employees. In some of them recovery of compensation has been allowed, and in others it has been denied. The mere fact that two employees of the same employer, or one of them and a third person not employed by the same employer, engage in a fight, is not controlling of the question of whether or not one of the employees who receives an injury while engaged in it is entitled to compensation. Texas Indem. Ins. Co. v. Cheely, CCA, W/E Ref., 232 S.W.2d 124. For an injury to be incurred in the course and scope of employment, it must originate in or grow out of the work being done for the employer. Lumberman's Reciprocal Ass'n v. Behnken, 112 Tex. 103, 246 S.W. 72, 28 A.L.R. 1402.

Article 8309, Sec. 1, Vernon's Ann.Tex. St. provides that the term "'injury sustained in the course of employment,' * * shall not include: * * * (2) An injury caused by an act of a third party intended to injure the employee because of reasons personal to him and not directed against him as an employee, or because of his employment. * * *

"(4) An injury caused by the employee's wilful intention to injure himself, or to unlawfully injure some other person, but shall include all other injuries of every kind and character having to do with and originating in the work * * * of the employer received by the employee while engaged in or about the furtherance of the affairs or business of his employer * *."

■ We think there is evidence that the plaintiff's injuries arose out of the employment. Plaintiff was given his father's check, by the employer, to deliver to his father. But for having the check, and refusing to give it to Leroy Stoerkel, he would not have been involved in the fight. See Texas Indem. Ins. Co. v. Cheely, CCA, W/E Ref., 232 S.W.2d 124.

■ Moreover, plaintiff testified, and we think the jury had a right to believe, that plaintiff was injured while he was attempting to stop the fight between his father and Leroy Stoerkel. An injury received while attempting to stop a fight is within the scope of employment and is compensable under the Act. Consol. Underwriters v. Free, CCA, W/E Ref., 253 S.W. 941; United States Cas. v. Hampton, CCA (n. w. h.) 293 S.W. 260; McClure v. Georgia Cas. Co., Comm.Appls., 251 S.W. 800. Defendant concedes in its brief that there was some evidence that plaintiff was attempting to separate the participants of a fight already in progress, but argues "that the preponderance of the testimony indicates plaintiff was actually an aggressor." As noted, our task is to determine if there is *any evidence* to sustain the finding, and "preponderance of the evidence" is not present for review in this case.

■ Finally, the jury had a right to believe that John Stoerkel hit plaintiff as an outgrowth of the dispute over the setting of the forms, or that such dispute was a contributing factor. If a fight occurs over the manner in which work is to be done, it is compensable if injury results. Davis v. Maryland Cas. Co., 5th Circuit, 243 F.2d 463; Aetna Casualty & Surety Co. v. England, CCA (n. w. h.), 212 S.W.2d 964; Travelers Ins. Co. v. Culpepper, CCA, W/E Dis., 82 S.W.2d 1054; Commercial Standard Ins. Co. v. Austin, CCA, W/E Dis., Jdgmt.Cor., 128 S.W.2d 836.

We think there is evidence to support the jury's finding that plaintiff's injury occurred in the course and scope of his employment.

The judgment of the Trial Court is affirmed.